IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH CROFFORD BROWN, <br> TDCJ No. 999580, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | §§§§§§§§§§§§ | No. 3:19-CV-2301-L |

MOTION APPOINTING COUNSEL AND SETTING DEADLINES

Petitioner Micah Crofford Brown's state habeas counsel filed a motion September 27, 2019 (ECF no. 1), in this federal habeas corpus proceeding requesting appointment of qualified counsel to represent Petitioner in a challenge to his capital murder conviction and sentence of death.

Background

In May 2013, a Hunt County jury convicted Petitioner of capital murder and returned its answers to the Texas capital sentencing special issues.  In June 2013, the trial court imposed a sentence of death.  The Texas Court of Criminal Appeals affirmed Petitioner's conviction and sentence.  *Brown v. State*, AP-77,019, 2015 WL 5453765 (Tex. Crim. App. Sept. 16, 2015). The Texas Court of Criminal Appeals subsequently denied Petitioner's application for state habeas corpus relief.  *Ex parte Micah Crofford Brown*, WR-85,341-01, 2019 WL 4317041 (Tex. Crim. Ap. Sept. 11, 2019).

Motion for Appointment of Counsel

Title 18 U.S.C. § 3599 entitles indigent defendants to the appointment of counsel in capital cases, including habeas corpus proceedings.  *Christeson v. Roper*, 574 U.S. 373, ___, 135 S. Ct.

1

891, 893 (2015); *Martel v. Clair*, 565 U.S. 648, 652 (2012). A capital defendant may invoke this right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel and a district court has jurisdiction to enter a stay of execution where necessary to give effect to that statutory right. *McFarland v. Scott*, 512 U.S. 849, 859 (1994) (discussing the statutory predecessor to § 3599 formerly found at 21 U.S.C. § 848). Capital defendants have a mandatory right to qualified legal counsel in these proceedings. *Id.* After having reviewed the advisory filed by the Federal Public Defender for the Northern District of Texas (ECF no. 8)*,* the Court will grant Petitioner's motion for appointment of counsel and appoint the counsel requested by Petitioner.

It is ORDERED that:

1. Petitioner's motion for appointment of counsel, filed September 27, 2019, (ECF no. 1), is **GRANTED** as follows: in accordance with Title 18 U.S.C. Section 3599, the Capital Habeas Unit in the Office of the Federal Public Defender for the Western District of Texas, whose mailing address is 919 Congress, Suite 950, Austin, Texas 78701, and whose office telephone number is (737) 207-3008, is appointed counsel of record for Petitioner.

2. On or before May 1, 2020, Petitioner shall file, and serve on the Post-Conviction Litigation Division of the Office of the Texas Attorney General, his federal habeas corpus petition in this cause. Petitioner's petition shall (1) comply in all respects with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* and (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that Petitioner wishes this Court to consider in connection with his capital murder conviction and sentence of death.

3. Respondent shall file his answer to Petitioner's federal habeas corpus or other

responsive pleading on or before ninety days after receipt of a copy of Petitioner's federal habeas corpus petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and Rule 12 of the *Federal Rules of Civil Procedure*. Respondent shall serve Petitioner's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the *Federal Rules of Civil Procedure*.

    4. <u>Exhaustion and Procedural Bar Issues</u>. Respondent shall clearly and directly respond to the issue of whether Petitioner has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Petitioner's federal habeas corpus petition. If Respondent denies that Petitioner has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Petitioner's petition, Respondent shall explain, in detail, those state remedies still available to Petitioner with regard to each such unexhausted claim. In the event that Respondent wishes to assert the defense that Petitioner has procedurally defaulted on any ground for relief contained in Petitioner's federal habeas corpus petition, Respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief Respondent contends are procedurally defaulted from consideration by this Court.

    5. <u>Abuse of the Writ</u>. In the event Respondent wishes to assert the defense that Petitioner has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief herein were either included in a prior federal habeas corpus petition or could, with the exercise of due diligence on Petitioner's part, have been included in an earlier federal habeas corpus petition filed by Petitioner.

    6. <u>Second or Successive Petition</u>. In the event Respondent wishes to assert the defense

that this is a second or successive federal habeas corpus petition filed by Petitioner attacking the same state criminal judgment and that the Petitioner has failed to comply with the requirements of Title 28 U.S.C. §2244, Respondent shall explicitly assert that defense.

      7.   <u>Limitations</u>.   In the event that Respondent wishes to assert the defense that the Petitioner has failed to file this federal habeas corpus action within the one-year statute of limitations set forth in Title 28 U.S.C. §2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Petitioner's federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

      8.   <u>State Court Records</u>.   On or before thirty days after the date Respondent files his answer or other responsive pleading in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Petitioner's state trial, direct appeal, and state habeas corpus proceedings.   In the event that Petitioner asserts a claim or claims for relief premised upon alleged violations of the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986), Respondent shall include copies of all juror questionnaires answered by any and all members of the jury venire from which Petitioner's petit jury was selected.

      9.   <u>Petitioner's Reply</u>.   On or before thirty days after the date Respondent serves Petitioner's counsel of record with a copy of Respondent's answer or other responsive pleading, Petitioner shall file with the Clerk of this Court *and* serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

      10.   <u>Extensions</u>.   Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the

exercise of due diligence, will be unable to comply with the applicable deadline.

11.   <u>Filing Fee</u>.   On or before ten days from the date of this Order, Petitioner shall either (1) pay the five-dollar filing fee in this cause to the Clerk of this Court or (2) file a completed application for leave to proceed *in forma pauperis*, including a certified copy of Petitioner's inmate trust account statement available from the law librarian at Petitioner's TDCJ facility.

12.   Petitioner is advised that his court-appointed counsel is not required to accept collect telephone calls from Petitioner or any person acting on Petitioner's behalf and that said counsel is not required to expend said counsel's own funds to investigate any claim or potential claim in this cause.

13.   The Clerk shall send a copy of this Order via first class mail with a receipt acknowledgment card enclosed or attached to (1) Petitioner, (2) Petitioner's counsel of record, and (3) the Criminal Appeals Division of the Office of the Attorney General of the State of Texas, *attention Erich Dryden*.

14.   All pleadings, motions, and other documents filed in this cause shall conform in all respects to this Court's Local Rules.

SIGNED October 23, 2019.

                                        **REBECCA RUTHERFORD**
                                        **UNITED STATES MAGISTRATE JUDGE**