IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH CROFFORD BROWN, <br> TDCJ No. 999580, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § | No. 3:19-cv-2301-L-BN |

**ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME**

In an October 23, 2019 Order, the Court set May 1, 2020 as the deadline for Petitioner Micah Crofford Brown to file his original federal habeas corpus petition. *See* Dkt. No. 9.

On March 23, 2020, Petitioner filed a motion for extension of time, requesting an extension until the expiration of the one-year statutory limitations period or, alternatively, a 60-day extension of the deadline for filing his original petition. *See* Dkt. No. 22. Respondent has not responded to this motion, and his deadline to do so under the Court's local rules has passed.

The Court will grant Petitioner's alternative request for a 60-day extension of the deadline for the filing of his original federal habeas corpus petition.

"The AEDPA statute of limitations promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." *Day v. McDonough*, 547

U.S. 198, 205-06 (2006). But nothing in the text or legislative history of the AEDPA requires a federal district court to set the final day of the AEDPA's statutory limitations period as the deadline for filing a federal habeas corpus petition.

And Petitioner has not identified any new claim or any new evidence that he has been unable to develop, despite the exercise of due diligence on his part, since the Court issued its October 23, 2019 scheduling order. Neither has Petitioner has identified any claim that he failed to fully litigate in the state courts and that he plans to include in his original federal habeas corpus petition or any new evidence that he failed to fairly present to the state courts and that he now wishes to develop and present to this Court.

Finally, the Court is concerned that extending the deadline for filing Petitioner's original federal habeas corpus petition to the final day of the AEDPA's limitations period could have the unintended effect of preventing the filing of a timely amended federal habeas corpus petition in the event the Respondent's answer asserts facts that transform a claim that Petitioner asserts in his original petition. But, as the presiding judge, United States District Judge Sam A. Lindsay, has explained, "[i]f, at any time, Petitioner wishes to seek a continuance of the pleading deadline set by the magistrate judge, he may file an appropriate motion that conforms with the Federal Rules of Civil Procedure and this district's Local Civil Rules." Dkt. No. 30 at 1.

For these reasons, the Court GRANTS in part Petitioner's motion for extension of time [Dkt. No. 22] and ORDERS that, on or before **July 1, 2020**, Petitioner must

file and serve on Respondent's counsel of record his original federal habeas corpus petition in this cause. In all other respects, the terms of and provisions of the Court's Order [Dkt. No. 9] issued October 23, 2019 remain in effect.

SO ORDERED.

DATED: April 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE