IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH CROFFORD BROWN, <br> TDCJ No. 999580, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | No. 3:19-cv-2301-L-BN |

**ORDER GRANTING UNOPPOSED MOTION FOR EXTENSTION OF TIME**

Petitioner Micah Crofford Brown has filed an unopposed motion for extension of time on the deadline for filing his federal habeas corpus petition, asking that he be permitted to file his federal habeas petition on the anniversary date that the Texas Court of Criminal Appeals denied his state habeas corpus application – that is, on September 11, 2020 (ECF no. 25). In light of the COVID-19 pandemic, as explained in the motion, the Court will grant Petitioner's latest motion for extension of time [Dkt. No. 25].

1. On or before **September 11, 2020**, Petitioner must file, and serve on the Criminal Appeals Division of the Office of the Texas Attorney General, his original federal habeas corpus petition in this cause. Petitioner's petition must (1) comply in all respects with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts and (2) set forth the factual and legal basis for all grounds for

federal habeas corpus relief under 28 U.S.C. § 2254 that Petitioner wishes this Court to consider in connection with his capital murder conviction and sentence of death.

2. Respondent must file his answer to Petitioner's federal habeas corpus or other responsive pleading on or before ninety days after receipt of a copy of Petitioner's federal habeas corpus petition. Respondent's answer or other responsive pleading must conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rule of Civil Procedure 12. Respondent must serve Petitioner's counsel of record with a copy of said answer or other responsive pleading in accordance with Federal Rules of Civil Procedure 5(b).

3. <u>Exhaustion and Procedural Bar Issues</u>. Respondent must clearly and directly respond to the issue of whether Petitioner has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Petitioner's federal habeas corpus petition. If Respondent denies that Petitioner has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Petitioner's petition, Respondent must explain, in detail, those state remedies still available to Petitioner with regard to each such unexhausted claim. In the event that Respondent wishes to assert the defense that Petitioner has procedurally defaulted on any ground for relief contained in Petitioner's federal habeas corpus petition, Respondent must explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief Respondent contends are procedurally defaulted from consideration by this Court.

4. <u>Abuse of the Writ</u>. In the event Respondent wishes to assert the defense that

Petitioner has abused the writ, Respondent must explicitly assert that defense and identify with specificity which of the Petitioner's grounds for relief herein were either included in a prior federal habeas corpus petition or could, with the exercise of due diligence on Petitioner's part, have been included in an earlier federal habeas corpus petition filed by Petitioner.

     5. <u>Second or Successive Petition</u>. In the event Respondent wishes to assert the defense that this is a second or successive federal habeas corpus petition filed by Petitioner attacking the same state criminal judgment and that the Petitioner has failed to comply with 28 U.S.C. § 2244's requirements, Respondent must explicitly assert that defense.

     6. <u>Limitations</u>. In the event that Respondent wishes to assert the defense that the Petitioner has failed to file this federal habeas corpus action within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), Respondent must explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Petitioner's federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

     7. <u>State Court Records</u>. On or before thirty days after the date Respondent files his answer or other responsive pleading in this cause, Respondent must submit to the Clerk of this Court true and correct copies of all pertinent state court records from Petitioner's state trial, direct appeal, and state habeas corpus proceedings. In the event that Petitioner asserts a claim or claims for relief premised upon alleged violations of the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986),

Respondent must include copies of all juror questionnaires answered by any and all members of the jury venire from which Petitioner's petit jury was selected.

8. <u>Petitioner's Reply</u>. On or before thirty days after the date Respondent serves Petitioner's counsel of record with a copy of Respondent's answer or other responsive pleading, Petitioner must file with the Clerk of this Court and serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

9. <u>Extensions of Time</u>. Any motions requesting extensions on any of the foregoing deadlines must be filed prior to the expiration of the deadline in question and must set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

10. All pleadings, motions, and other documents filed in this cause must conform in all respects to this Court's Local Rules.

SO ORDERED.

DATED: June 10, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE