IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH BROWN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-02301-L-BN |
| | § | *CAPITAL CASE* |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## RESPONDENT LUMPKIN'S UNOPPOSED SECOND MOTION FOR EXTENSION OF TIME

This is a federal habeas corpus proceeding brought by Petitioner Micah Brown, pursuant to 28 U.S.C. §§ 2241 & 2254. Brown filed his federal habeas petition on September 11, 2020. ECF No. 29. The Director's response was due by December 10, 2020. The Director requested a ninety-day extension of time, or until, March 10, 2021, to file his answer, which this Court granted. ECF Nos. 34 & 35. For the following reasons, the Director requests a second extension of sixty (60) days, or until May 9, 2021, to file his answer.

The undersigned has reviewed a majority of the record, including most of the state habeas hearing transcript, in this case. Likewise, the undersigned has addressed about a quarter of Brown's federal petition. However, toward the end of December of 2020, capital defendant Michael Dean Gonzales filed a lengthy Chapter 64 motion for DNA testing, seeking to test about thirty items

of evidence. As previously stated, the undersigned is the acting attorney pro tem in *State v. Michael Dean Gonzales*, No. D-23,730 (358th Jud. Dist. Ct., Ector County, Tex.). Pursuant to Texas Code of Criminal Procedure, Article 64.02, a response to a motion for DNA testing is due sixty days from receipt of the motion, and state law does not explicitly permit extensions. Thus, the undersigned had to draft and file a lengthy response by February 19, 2021.

The undersigned's response time in the Gonzales case was complicated by four factors. First, Ector County elected a new district attorney, who assumed office at the beginning of 2021. Because the new district attorney faced no conflict of interest, as the prior district attorney did, the undersigned had to contact the district attorney to determine if he desired to retake the Gonzales case. If so, the district attorney would respond to the Chapter 64 motion rather than the undersigned. But several weeks elapsed before the undersigned was able—after many phone calls—to speak to the district attorney, who advised the undersigned that he did not wish to retake the case.

Second, while in the process of responding to Gonzales's motion, the undersigned and the investigator for the Criminal Appeals Division of the Texas Attorney General's Office had to track down all the evidence Gonzales requests for testing, for purposes of Article 64.02 and to determine any possible chain-of-custody issues. This required numerous communications with both

the Odessa Police Department and the Texas Department of Public Safety.

Third, during this same time period, counsel for Gonzales filed a motion to terminate the undersigned attorney pro tem and a motion to defer the setting of an execution date, both of which required a response from the undersigned. And because the trial court granted the latter motion, the undersigned filed a motion for reconsideration of this decision.

Fourth, the undersigned's due date to file the response, February 19, 2021, occurred the same week as the winter storm that impacted all of Texas. As was the case for many Texans, the undersigned experienced recurrent power outages and disruptions in water due to a broken pipe. Thus, the undersigned was unable to do any work the week of February 15, 2021.

Because of the closings caused by the storm, the undersigned filed a response to Gonzales's Chapter 64 motion on February 22, 2021. Since that time, the undersigned has resumed work on the instant case. However, many of the claims Brown raises in his federal petition still need addressing. As further justification for this extension, the undersigned has an answer due on April 5, 2021, in *Juan Lizcano v. Lumpkin*, No. 3:16-cv-01008-B-BN (N.D. Tex.) (non-capital), and a Fifth Circuit response in opposition to an application for a certificate of appealability (COA) in *Garland Harper v. Lumpkin*, No. 20-70022, which is due on April 28, 2021. Finally, in the Gonzales case, the trial

3

court scheduled a Zoom hearing to address Gonzales's motion to terminate the attorney pro tem for February 17, 2021, the same week as the winter storm. That hearing was canceled, but the undersigned anticipates that it will be rescheduled and occur within the next several weeks.

For these reasons, the undersigned respectfully requests sixty additional days to draft and file a responsive pleading to Brown's federal habeas petition. This motion is not requested to delay this proceeding. Counsel for Brown, Tim Gumkowski, has advised the undersigned that he is not opposed to the requested extension. However, Mr. Gumkowski stated that by not opposing this motion, counsel for Brown are not implying that they have abandoned their objections to this Court's decision denying their motion to extend the date for filing an amended petition. *See* ECF Nos. 30–32.

## CONCLUSION

The Director moves this Court to extend the time for filing a response to Brown's habeas petition up to and including May 9, 2021.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

                                                JOSH RENO
                                                Deputy Attorney General
                                                For Criminal Justice

                                                EDWARD L. MARSHALL
                                                Chief, Criminal Appeals Division


                                                <u>/s/ Erich Dryden</u>
                                                *ERICH DRYDEN
*Attorney-in-Charge                 Assistant Attorney General
                                                State Bar No. 24008786
                                                Erich.Dryden@oag.texas.gov

                                                P.O. Box 12548, Capitol Station
                                                Austin, Texas  78711-2548
                                                (512) 936-1400
                                                (512) 320-8132 (Fax)

                                                ATTORNEYS FOR RESPONDENT


## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Petitioner, Tim Gumkowski, has been contacted, and he is not opposed to the requested extension, with the qualification that he is not abandoning any objection to this Court's decision denying Brown's motion to extend the date for filing an amended petition.


                                                <u>/s/ Erich Dryden</u>
                                                ERICH DRYDEN
                                                Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Unopposed Second Motion for Extension of Time has been served electronically to Timothy Gumkowski and Maureen Franco on March 5, 2021.

/s/ Erich Dryden
ERICH DRYDEN
Assistant Attorney General