UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICAH CROFFORD BROWN, § § Petitioner, § § v. § § BOBBY LUMPKIN, Director, Texas § Department of Criminal Justice, Correctional § Institutions Division, § § Respondent. § § § | CAUSE NO. 3:19-cv-2301-L-BN CASE INVOLVING THE DEATH PENALTY |

## UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR REPLY IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Micah Brown respectfully requests leave to exceed the page limit provided in this district's Local Civil Rules for his forthcoming Reply in Support of Petition for Writ of Habeas Corpus, which is currently due to be filed on or before July 22, 2021.[1] Petitioner seeks leave to file a reply no longer than 45 pages. Respondent does not oppose the relief sought herein. Petitioner submits the following as good cause for granting the request.[2]

In this Court's June 10, 2020 Order, ECF No. 26, Petitioner was directed that, "All pleadings, motions and other documents filed in this cause must conform in all respects to this Court's Local Rules." *Id.* at 4.

---

[1] Petitioner is simultaneously moving this Court for an extension of the current deadline, in a separate motion.

[2] In response to Petitioner's objections to the initial scheduling order and its required compliance with the page limits in the Local Rules, ECF No. 14, this Court stated, "if Petitioner would like to exceed the page limit provided in this district's Local Civil Rules, he may file an appropriate motion for leave beforehand." ECF No. 20 at 2.

Local Civil Rule 7.5 ("Page Limits in Death Penalty Habeas Cases") limits Petitioner's Reply and "any supporting brief or memorandum (whether filed contemporaneously with, or after, the reply)," to 25 pages in total. L.R. 7.5(c). Proportionally, this 25-page limit is one-quarter of the page limit for "the answer to the application, motion, or petition." L.R. 7.5(b) (100-page limit for answer to habeas petition). The length requested here is consistent with the spirit of the local rules. Prior to filing his initial petition, Petitioner sought leave to exceed the 100-page limit. ECF No. 27. The Court granted Petitioner's motion and permitted the filing of an initial petition that did not exceed 190 pages. ECF No. 28. Respondent also sought leave to exceed the 100-page limit for his responsive pleading, requesting a total of 185 pages.[3] ECF No. 38. Respondent's request was also granted. ECF No. 39. The 45 pages Petitioner requests is approximately one-quarter of the length of Respondent's Answer.

An enlargement of the page limit for a reply is necessary for Petitioner to adequately respond to Respondent's arguments raised in his Answer. Respondent's Answer not only addresses the merits of Petitioner's claims, but also asserts numerous procedural defenses, to which Petitioner must respond.

Undersigned counsel has taken great efforts to condense and winnow this pleading, but is simply unable to do so in a manner that both satisfies the Court's Order, and fulfills his professional obligations to this Court and Petitioner.

As Respondent's counsel has acknowledged in his request for leave to exceed the page limit for his Answer, ECF No. 38 at 1-3, there are several factors that make Petitioner's case complex and that distinguish it from the mine-run capital habeas case.

---

[3] Respondent's Answer was 182 pages in total. ECF No. 40.

In light of the prior pleading enlargements permitted by the Court, and consistent with the proportionality set out in the district's Local Rules, Petitioner believes his request for leave to exceed the 25-page limit for his Reply is reasonable and necessary for Petitioner to receive due process in this Court.

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests leave to exceed the 25-page limit provided in this district's Local Civil Rules, and to allow him to file a Reply in support of his initial Petition for Writ of Habeas Corpus that does not exceed 45 pages.

DATED:   July 19, 2021           Respectfully submitted,

                                 MAUREEN FRANCO
                                 Federal Public Defender

                                 Timothy P. Gumkowski
                                 */s/ Timothy P. Gumkowski*
                                 Assistant Federal Defender
                                 Texas Bar No. 24104788
                                 Office of the Federal Public Defender
                                 Western District of Texas
                                 919 Congress, Suite 950
                                 Austin, Texas 78701
                                 737-207-3007 (tel.)
                                 512-499-1584 (fax)
                                 Tim_gumkowski@fd.org

                                 Counsel for Petitioner

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Erich Dryden
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711

*/s/ Timothy Gumkowski*
Timothy Gumkowski

## CERTIFICATE OF CONFERENCE

On July 19, 2021, undersigned counsel for Petitioner conferred with counsel for Respondent, Assistant Attorney General Stephen Hoffman,[4] who advised that Respondent does not oppose the relief sought in this Motion.

*/s/ Timothy P. Gumkowski*
Timothy P. Gumkowski

---

[4] Counsel of record for Respondent, Assistant Attorney General Erich Dryden, was out of the office at the time undersigned counsel conferenced this Motion. Therefore, at Mr. Dryden's direction, this Motion was conferenced with Mr. Hoffman.

4