UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH CROFFORD BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:19-CV-2301-L-BN |
| | § | |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, Correctional | § | CASE INVOLVING THE DEATH |
| Institutions Division, | § | PENALTY |
| | § | |
| Respondent. | § | |

## MOTION FOR STAY AND ABEYANCE OF FEDERAL HABEAS PROCEEDINGS AND BRIEF IN SUPPORT

Petitioner Micah Crofford Brown, by and through his undersigned counsel, and pursuant to the procedure approved in *Rhines v. Weber*, 544 U.S. 269 (2005), requests that the Court stay and hold in abeyance his federal habeas proceedings to permit him to present claims this Court concludes are unexhausted to the Texas state courts. This motion is based on the files and records in this case, including Petitioner's claims and their proffered evidentiary support, which are incorporated herein by this specific reference, and the following points and authorities. Respondent is opposed to this motion and the relief sought herein.

WHEREFORE, for the reasons set out in the accompanying brief, this Court should find a stay is appropriate and enter the proposed order accompanying this motion.

DATED: August 20, 2021          Respectfully submitted,

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

*/s/ Timothy P. Gumkowski*
Timothy P. Gumkowski
Texas Bar No. 24104788
Assistant Federal Defender
Office of the Federal Public Defender
Capital Habeas Unit
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)
Tim_gumkowski@fd.org

2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................................................ii

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................... 2

I.  There Is Good Cause for Failing to Present the Unexhausted Claims in State
    Court. .................................................................................................................. 3

A.  State Habeas Counsel Were Ineffective.............................................................. 4

B.  State Habeas Counsel's Failures Provide Good Cause for Permitting Brown
    to Seek Exhaustion in State Court. ..................................................................... 7

II.  The Claims Are Not Plainly Meritless, and a State Court Remedy Exists. ........... 9

III.  There Is No Indication that Brown Has Abusively and Intentionally Engaged in
     Delay. ................................................................................................................ 11

CONCLUSION............................................................................................................... 12

CERTIFICATE OF CONFERENCE ............................................................................. 13

CERTIFICATE OF SERVICE....................................................................................... 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ex parte Alvarez,*
 468 S.W.3d 543 (Tex. Crim. App. 2015) ................................................................... 11

*Black v. Stephens,*
 3:14–CV–341–L (BH), 2014 WL 5013409 (N.D. Tex. Aug. 18, 2014) ........................... 7, 11

*Blake v. Baker,*
 745 F.3d 977 (9th Cir. 2014) .................................................................................. 4, 8

*Brewer v. Davis,*
 No. 2:15-CV-50-D, 2018 WL 4608260 (N.D. Tex. Aug. 8, 2018) .......................... 4, 7, 10, 11

*Cade v. Davis,*
 No. 3:17-cv-3396-G-BT, 2020 U.S. Dist. LEXIS 151037 (N.D. Tex. July 2,
 2020)......................................................................................................................... 11

*Cade v. Lumpkin,*
 No. 3:17-CV-3396-G-BT, 2020 U.S. Dist. LEXIS 150264 (N.D. Tex. Aug. 19,
 2020)......................................................................................................................... 11

*Canales v. Quarterman,*
 No. 2:03-cv-069, 2007 WL 922150 (E.D. Tex. Mar. 23, 2007) ................................... 9

*Canales v. Stephens,*
 765 F.3d 551 (5th Cir. 2014) ................................................................................... 8

*Davila v. Davis,*
 650 F. App'x 860 (5th Cir. 2016) ............................................................................ 4

*Davila v. Stephens,*
 No. 4:13-cv-00506-O (N.D. Tex. Nov. 10, 2014) ....................................................... 4

*Doe v. Jones,*
 762 F.3d 1174 (10th Cir. 2014)................................................................................. 10

*Granger v. Davis,*
 No. 1:17-cv-291, Order (ECF No. 34) (E.D. Tex. Sept. 23, 2019) ............................ 10

*Ex parte Graves,*
 70 S.W.3d 103 (Tex. Crim. App. 2002) ................................................................. 10, 11

*Hall v. Thaler,*
 504 F. App'x 269 (5th Cir. 2012) .............................................................................. 4

*Ingram v. Davis,*
　　No. 3:20-cv-780-N-BN, 2020 WL 3038583 (N.D. Tex. May 7, 2020) ...................................... 3

*Kyles v. Whitely,*
　　514 U.S. 419 (1995) .......................................................................................................... 4

*Leachman v. Davis,*
　　699 F. App'x 441 (5th Cir. 2017) ..................................................................................... 4

*Lopez v. Stephens,*
　　No. CV B-15-144, 2016 WL 4126014 (S.D. Tex. Apr. 25, 2016) ............................................ 3

*Martinez v. Ryan,*
　　566 U.S. 1 (2012) ................................................................................................... 2, 7, 11

*Ex parte Medina,*
　　No. WR–41,274–05, 2017 WL 690960 (Tex. Crim. App. Jan. 25, 2017) .............................. 11

*Miller v. Dretke,*
　　431 F.3d 241 (5th Cir. 2005) ............................................................................................ 9

*Murphy v. Thaler,*
　　No. 3:10-CV-163, 2010 WL 2381500 (N.D. Tex. June 8, 2010) ........................................... 9

*Neville v. Dretke,*
　　423 F.3d 474 (5th Cir. 2005) ............................................................................................ 9

*Pace v. DiGuglielmo,*
　　544 U.S. 408 (2005) ....................................................................................................... 3, 9

*Rhines v. Weber,*
　　408 F. Supp.2d 844 (D.S.D. 2005) ................................................................................... 8

*Rhines v. Weber,*
　　544 U.S. 277-78 (2005) ............................................................................................. *passim*

*Robinson v. Davis,*
　　No. 1:17-cv-00011, Order (ECF No. 67) (E.D. Tex. Jul. 31, 2019) ....................................... 10

*Rose v. Lundy,*
　　455 U.S. 509 (1982) ................................................................................................ 2, 3, 10

*Ruiz v. Quarterman,*
　　504 F.3d 523 (5th Cir. 2007) ...................................................................................... 3, 11

*Ex parte Ruiz,*
　　543 S.W.3d 805 (Tex. Crim. App. 2016) ......................................................................... 10

*Schillereff v. Quarterman,*
    304 F. App'x 310 (5th Cir. 2008) ................................................................ 4

*Sparks v. Stephens,*
    No. 3:12-cv-00469, 2014 WL 113583 (N.D. Tex. Jan. 13, 2014) .................................... 8, 10, 11

*Stahl v. State,*
    749 S.W.2d 826 (Tex. Crim. App.1988) ................................................................ 4

*Strickland v. Washington,*
    466 U.S. 668 (1984) ................................................................ 7, 8

*Trevino v. Thaler,*
    569 U.S. 413 (2013) ................................................................ 2

*United States v. Socony-Vacuum Oil Co.,*
    310 U.S. 150 (1940) ................................................................ 4

*Wardrip v. Stephens,*
    No. 7:01-cv-00247, 2014 U.S. Dist. LEXIS 55471 (N.D. Tex. 2014) ................................ 8

*Wilder v. Cockrell,*
    274 F.3d 255 (5th Cir. 2001) ................................................................ 9

*Young v. Stephens,*
    795 F.3d 484 (5th Cir. 2015) ................................................................ 3

**Constitutional Provisions**

U.S. Const. amend. V ................................................................ 2

U.S. Const. amend. VIII ................................................................ 1, 2, 7

**Statutes**

28 U.S.C. § 2244(d) ................................................................ 3

28 U.S.C. § 2254 ................................................................ 9

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) ................................ 2

Tex. Code Crim. Proc. art. 11.071, § 5 ................................................................ 10

Tex. Code Crim. Proc. art. 11.071, § 5(a) ................................................................ 10

Tex. Code Crim. Proc. art. 11.071, § 5(a)(2) ................................................................ 10

Tex. Code Crim. Proc. art. 11.071, § 5(a)(3) ................................................................ 10

Tex. Code Crim. Proc. art. 11.071, § (5)(e) .................................................................. 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH CROFFORD BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:19-CV-2301-L-BN |
| | § | |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, Correctional | § | CASE INVOLVING THE DEATH |
| Institutions Division, | § | PENALTY |
| | § | |
| Respondent. | § | |

## BRIEF IN SUPPORT OF MOTION FOR STAY AND ABEYANCE OF FEDERAL HABEAS PROCEEDINGS

### INTRODUCTION

In his Initial Petition for Writ of Habeas Corpus (ECF. No. 29) ("Petition"), Brown sets forth

several meritorious claims that were not raised in his initial state post-conviction application. The

State's Answer (ECF No. 40) argues that Brown has raised both exhausted and unexhausted claims

in the Petition. To the extent this Court finds any of Brown's claims unexhausted, he requests the

opportunity to litigate those claims in state court. Specifically, Brown seeks to return to state court

on the following claims, should the Court conclude they are unexhausted:

- **Claim I:** That Brown's Autism Spectrum Disorder was relevant to his motive for shooting his ex-wife and therefore relevant at the guilt-innocence phase of trial.
- **Claim II(D):** That defense counsel's failure to investigate and present an adequate mitigation case violated the Eighth Amendment.
- **Claim III:** That defense counsel was ineffective because of a prejudicial conflict between the defense investigator and Brown's interests required the team to remove themselves as counsel.
- **Claim IV(D):** That the trial court erred by failing, sua sponte, to transfer venue.
- **Claim V:** That the prosecutor engaged in prejudicial and improper argument that deprived Brown of a constitutionally fair trial.

- **Claim VI:** That the State violated Brown's Fifth Amendment right against self-incrimination in presenting an uncounseled news interview Brown gave while in jail.
- **Claims VIII(A), (B); IX:** That Texas' future-danger special issue and definition of mitigating evidence violate the Eighth Amendment.
- **Claims II(E), III, XI:** That ineffectiveness and prosecutorial-misconduct errors, considered cumulatively, deprived Brown of a constitutionally fair trial.

Brown disagrees that all the claims are unexhausted or barred from this Court's review. Under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), failure to exhaust claims is excused when both trial and state habeas counsel were ineffective for failing to raise them. However, to the extent this Court disagrees about exhaustion or its ability to review Brown's claims, Brown asks the Court to stay the case and permit him to exhaust the claims in state court. *See Rhines v. Weber*, 544 U.S. 277-78 (2005). *Rhines* instructs that if there is some equitable reason for a petitioner's failure to exhaust a non-frivolous claim, and there is some conceivable way of exhausting the claim in state court, federal courts should respect the right of the state courts to pass on the merits of that claim first by staying the federal proceedings. *Id.*

*Rhines* stays have long been part of the routine practice of federal courts in Texas. The *Rhines* stay avoids (1) the inequitable and inefficient process of requiring that a "mixed" petition be dismissed in its entirety and (2) the risk that this Court erroneously declare a claim procedurally defaulted when state courts would in fact consider it on the merits. As described below, a *Rhines* stay is warranted here.

## ARGUMENT

Before the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts applied a "total exhaustion" rule to claims arising from state court, dismissing, without prejudice, federal petitions that were "mixed," or that contained both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). AEDPA, however, "dramatically altered the landscape for federal habeas corpus petitions," and imposed a one-year limitations period for the filing of federal

petitions. As a result, mixed petitions might be dismissed under *Lundy,* which would "likely mean the termination of any federal review." *Rhines,* 544 U.S. at 275; *see also* 28 U.S.C. § 2244(d) (limitations provisions).

To avoid this unforeseen problem, the Supreme Court unanimously approved a stay-and-abeyance procedure. *See Rhines,* 544 U.S. at 279. A *Rhines* stay is appropriate when: "(1) the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court; (2) the claim is not plainly meritless; and (3) there is no indication that the petitioner is engaging in abusive litigation tactics or intentional delay." *Young v. Stephens,* 795 F.3d 484, 495 (5th Cir. 2015) (citing *Rhines,* 544 U.S. at 277-78) (alterations and internal quotation marks omitted). If the petitioner satisfies those requirements, there is little, if any, discretion to deny the request for a stay. *See Rhines,* 544 U.S. at 278 ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics"). Brown satisfies all three prongs.

I.      There Is Good Cause for Failing to Present the Unexhausted Claims in State Court.

The standard for assessing good cause under *Rhines* is not a technical one, but an equitable one. *Ruiz v. Quarterman,* 504 F.3d 523, 529 n.17 (5th Cir. 2007); *see also Ingram v. Davis,* No. 3:20-cv-780-N-BN, 2020 WL 3038583, at *1 (N.D. Tex. May 7, 2020), *R&R adopted by* 2020 WL 3036615 (June 5, 2020). Thus, the focus of the *Rhines* inquiry is somewhat different from the focus of the procedural-default inquiry, *Lopez v. Stephens,* No. CV B-15-144, 2016 WL 4126014, at *3 (S.D. Tex. Apr. 25, 2016), and its standard is lower, *see, e.g., Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (reasonable confusion about filing deadline will ordinarily constitute good cause). As the District Court for the Southern District of Texas has noted, "good cause for a stay and abeyance should not require an extraordinary or unreasonable showing." *Lopez,* 2016 WL 4126014, at *4.

Rather, good cause is merely "a reasonable excuse, supported by the evidence, to justify a petitioner's failure to exhaust . . ." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (citing *Pace*, 544 U.S. at 416); *see also Brewer v. Davis,* No. 2:15-CV-50-D, 2018 WL 4608260, at \*3 (N.D. Tex. Aug. 8, 2018), *R&R adopted by* 2018 WL 4585357 (Sept. 25, 2018) (citing *Blake*'s "reasonable excuse" standard favorably).[1] Brown's claims satisfy this standard.

## A.    State Habeas Counsel Were Ineffective.

Brown was represented in state habeas proceedings by the Office of Capital and Forensic Writs ("OCFW"). The failure of OCFW attorneys to raise several meritorious claims provides sufficient good cause to permit Brown to return to state court. For example, in a case riddled with errors by defense counsel, the trial court, and prosecutors, state habeas counsel failed to ask the state court to cumulate prejudice, even though Texas courts and the Supreme Court have been willing to consider cumulative-error arguments. *See, e.g., Kyles v. Whitely*, 514 U.S. 419, 420 (1995) (prosecutorial misconduct—*Brady*); *Stahl v. State*, 749 S.W.2d 826, 832 (Tex. Crim. App.1988) (finding prejudice in cumulative effect of trial outburst and prosecutor's misconduct); *see also United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 235 (1940) (no prejudice from isolated prosecutorial misconduct when there was no "cumulative" evidence that trial was overwhelmed with

---

[1] Fifth Circuit decisions reflect the relatively low good-cause bar. That court has suggested that good cause might be lacking in a case where: there was "no explanation for [an inmate] waiting more than a year to file his *state* habeas application[,]" *see Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (emphasis added); an inmate failed to exhaust because of "reasonable confusion" about state administrative exhaustion requirements, *see Leachman v. Davis*, 699 F. App'x 441, 442 (5th Cir. 2017); ineffective state post-conviction counsel prevented the presentation of an ineffective-assistance-of-*appellate*-counsel claim, *see Davila v. Davis*, 650 F. App'x 860, 868 (5th Cir. 2016), *cert. granted in part*, 137 S. Ct. 810 (2017), and *aff'd*, 137 S. Ct. 2058 (2017) (affirming trial court's holding in *Davila v. Stephens*, No. 4:13-cv-00506-O, at 3 (N.D. Tex. Nov. 10, 2014)); claims remain unexhausted because the state inmate requested dismissal of a state post-conviction application, *see Hall v. Thaler*, 504 F. App'x 269, 284 (5th Cir. 2012).

passion). State habeas counsel also failed to make constitutionally complete challenges to: the improperly obtained news interview offered against Brown at trial, the failure to change venue, an trial counsel's inadequate mitigation case. And, state habeas counsel failed to challenge Texas' capital sentencing scheme, which, in Brown's case, produced a wholly arbitrary eligibility finding and an unreliable mitigation finding.

As demonstrated in declarations provided by three of Brown's state habeas attorneys, these failures resulted, in part, from the general disarray in the OCFW office at the time Brown's application was filed, and when the state evidentiary hearing was conducted. *See* App. 1 (declaration of Brad Levenson); App. 6 (declaration of Erin Eckhoff); App. 8 (declaration of Ashley Steele). According to Levenson, OCFW's director at the time Brown's state habeas application was filed, the office was underfunded and understaffed. With heavy caseloads and relatively small salaries, attorneys suffered from burnout, and the office experienced high turnover rates. App. 3, ¶ 12. None of the lawyers Levinson hired at the office had significant prior capital experience. App. 2, ¶ 10. One of Brown's state habeas attorneys, Erin Eckhoff, was hired having handled only one (pro-bono, non-Texas) capital case and then immediately assigned as lead counsel on Brown's case, replacing a departing attorney. App. 8, ¶¶ 1, 2. Under policies in place at the time, Eckhoff assumed the role of lead counsel, ahead of an attorney, Sam Farina-Henry, who had been serving as second chair and who knew more about the case and about Texas capital representation than she did. *Id.*

According to Eckhoff, the high burnout and turnover at OCFW at the time negatively affected Brown's case. App. 8, ¶ 3. For example, Farina, suffering from burnout, left the office and the case immediately after Brown's application was filed. App. 8, ¶ 2. He was replaced by Ashley Steele, a recent law school graduate. App. 6, ¶ 6. For a time leading up to the evidentiary hearing, Brown did not have a dedicated investigator on his case. App. 6, ¶ 5; App. 8, ¶ 3.

5

In addition, concerns about funding limited adequate access to experts and curtailed investigations. App. 4-5, ¶¶ 18-20; App. 10, ¶ 10. Eckhoff was unable to bring in Dr. Mesibov, the Autism Spectrum Disorder ("ASD") expert she had located, until two weeks before the application was due. App. 10, ¶ 11. This left scant time for Dr. Mesibov to conduct an examination and write his report, let alone for Eckhoff and Steele (for whom Dr. Mesibov would be the first witness she ever examined in a court proceeding, App. 6, ¶ 7), to process and assess any potential vulnerabilities in their ASD case.

To exacerbate these difficulties, Levenson micromanaged the case and prevented Eckhoff from raising ASD as a defense to capital liability in the liability phase, although she believed it should have been raised. App. 6, ¶ 9; App. 10, ¶¶ 12-13. Indeed, Levenson circumscribed mitigation and trauma evidence generally, believing that funds should not be allocated for those matters if they had been raised—no matter how poorly—at trial. App. 7, ¶ 12; App. 10, ¶ 12. Brown's state habeas counsel has also stated that, in Brown's case, counsel "did not pursue mitigation and trauma-related offenses." App. 10, ¶ 12. Steele believes that a trauma investigation would have helped Brown's case, especially in light of his history of sexual abuse, the fact that he had a severely disabled brother, and the trauma he suffered as result of his offense. App. 7, ¶ 12.

Brown's state habeas counsel has also stated that there were no strategic reasons for not raising meritorious claims in Brown's application. *See* App. 7, ¶ 11, App. 10-11, ¶ 13 (ineffective assistance of counsel claim related to ASD at the liability phase); App. 7, ¶ 12 (ineffective assistance of counsel claim related to trauma investigation); App. 11, ¶ 15, App. 7, ¶ 13 (ineffective assistance of counsel-conflict claim). Additionally, state habeas counsel has asserted that there was no strategic reason for failing to provide adequate notice to the State of potential witnesses, which ultimately prohibited counsel from calling expert and lay witnesses at the state evidentiary hearing. App. 7, ¶ 14.

**B. State Habeas Counsel's Failures Provide Good Cause for Permitting Brown to Seek Exhaustion in State Court.**

Brown has good cause for returning to state court to exhaust claims involving ineffectiveness of trial counsel ("IAC") and other constitutional error in his trial.

As for the IAC claims, Brown has more than satisfied good cause under *Martinez v. Ryan*, 566 U.S. 1, 13-14 (2012); *see* Claims I (ineffectiveness at guilt-innocence), II(D) (ineffectiveness at penalty phase violated Eighth Amendment), II(E) (cumulative ineffectiveness at sentencing), III (ineffectiveness because of conflict); *see also Brewer*, No. 2:15-CV-50-D, 2018 WL 4608260, at *4-5; *Black v. Stephens*, 3:14–CV–341–L (BH), 2014 WL 5013409, at *2 (N.D. Tex. Aug. 18, 2014), *R & R adopted by* 2014 WL 5013059 (N.D. Tex. Oct. 7, 2014). In *Martinez*, the Supreme Court concluded that a habeas attorney's failure to raise trial counsel's ineffectiveness may establish cause sufficient to excuse procedural default in federal court. 566 U.S. at 13-14. This conclusion was consistent with the "equitable judgment" that when a petitioner is obstructed from complying with state procedural rules, a federal court may excuse his default. *Id.* at 13. The same reasoning applies to assessing good cause under *Rhines*, which, as Brown has shown, sets a lower bar than that set for overcoming procedural default. *See Black*, 2014 WL 5013409, at *2 ("This Court has recognized that cause under *Martinez* may also be cause under *Rhines*.").

State habeas counsel's failures also provide good cause for not exhausting claims that do not allege ineffectiveness at the trial level and thus are arguably not covered by *Martinez. See* Claims IV(D) (trial error in failing to change venue), VIII(A), (B) (unconstitutionality of Texas capital scheme), IX (arbitrariness of Texas eligibility provision), and XI (cumulative error at trial and sentencing). Unlike the showing required to excuse procedural default, *Rhines*'s good-cause standard does not require a petitioner to show that his state habeas counsel's conduct rose to the level of deficient performance defined in *Martinez* or *Strickland v. Washington*, 466 U.S. 668 (1984).

*Compare Canales v. Stephens*, 765 F.3d 551, 567-68 (5th Cir. 2014) (holding cause to excuse a procedural default requires proof that habeas counsel at initial-review collateral proceeding was deficient as defined in *Strickland*), *with Blake*, 745 F.3d at 984 & n.7 (noting that mere reasonable confusion satisfies good cause under *Rhines*). As the district court in *Wardrip* stated, default is a question for the state court. *Wardrip v. Stephens*, No. 7:01-cv-00247, 2014 U.S. Dist. LEXIS 55471, at *7 (N.D. Tex. 2014). This Court need merely decide whether there is good cause to give the state court the opportunity to address it.[2]

Nor does good cause require that the underlying claim be one of trial ineffectiveness. Several courts have permitted allegations of state counsel's inadequate performance to suffice for "good cause," without a concomitant claim that trial counsel were ineffective. *See, e.g., Rhines v. Weber*, 408 F. Supp.2d 844, 847-49 (D.S.D. 2005) (permitting stay of claims that included improper exclusion of juror; *Sparks v. Stephens*, No. 3:12-cv-00469, 2014 WL 113583, at *3 (N.D. Tex. Jan. 13, 2014) (same, misconduct claim).

State habeas counsel's failures, set forth candidly in the declarations of Brown's state habeas counsel, support and help explain Brown's allegations that state habeas counsel were ineffective in failing to investigate and raise claims on Brown's behalf. Allowing Mr. Brown to return to state court to exhaust all claims that state habeas counsel arguably failed to exhaust serves both the equitable concerns, in light of failures by habeas counsel (who were provided to Brown by the State), and the principles of federalism and comity advanced by *Rhines.*

---

[2] As Brown argues below, there is at least a reasonable possibility that the Texas court will find that state habeas counsel's ineffectiveness excuses any default.

## II.     The Claims Are Not Plainly Meritless, and a State Court Remedy Exists.

To obtain a *Rhines* stay, Brown must show that at least one of his unexhausted claims is "potentially meritorious." *Rhines*, 544 U.S. at 277. A claim is "potentially meritorious" as long as it is not "plainly meritless." *Id*; *see also Miller v. Dretke*, 431 F.3d 241, 254 (5th Cir. 2005) (same). A showing of merit refers not only to the elements of the constitutional violation asserted, but also to whether the Texas Court of Criminal Appeals ("TCCA") would authorize subsequent litigation in state court. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). A *Rhines* movant must therefore show the colorability of: (1) the underlying constitutional claim; and (2) the argument that the TCCA would authorize the litigation.

Thus, a *Rhines* claimant need show only that the claims are non-frivolous. *See Canales v. Quarterman*, No. 2:03-cv-069, 2007 WL 922150, at *3 (E.D. Tex. Mar. 23, 2007) (making determinations "from the face" of petition); *Murphy v. Thaler*, No. 3:10-CV-163, 2010 WL 2381500, at *3 (N.D. Tex. June 8, 2010) (claims not plainly meritless because "[t]he allegations, if true, could form the basis for habeas corpus relief"); *cf*. R. Governing § 2254 Proceedings in the Dist. Cts. 4, advisory committee note (noting that purpose of "plainly meritless" review is to "screen out frivolous applications"). The claims Brown seeks to exhaust are not frivolous, for the reasons set out in the Petition.

With respect to the availability of a state remedy, Brown need show only that there is a nontrivial chance that the TCCA would authorize a subsequent state application. *See Neville*, 423 F.3d at 480. As to procedural viability, a stay is appropriate if there is at least "reasonable confusion" about whether the state court will consider a claim on the merits. *See Pace*, 544 U.S. at 416. Thus, unless it is "entirely clear that Texas' subsequent-application bar would prohibit consideration of the [unexhausted] claim, Texas courts should make that determination" in the first instance. *Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001) (pre-*Rhines* decision remanding with instructions to

9

apply *Lundy* and dismiss without prejudice so petitioner can exhaust); *see also Granger v. Davis*, No. 1:17-cv-291, Order (ECF No. 34) at 5-7 (E.D. Tex. Sept. 23, 2019); *Robinson v. Davis*, No. 1:17-cv-00011, Order (ECF No. 67) at 7-9 (E.D. Tex. Jul. 31, 2019); *Brewer, supra*, 2018 WL 4585357, at *4; *Sparks v. Stephens*, No. 3:12-CV-468-N, 2014 WL 113583, at *2-3 (N.D. Tex. Jan. 13, 2014); *accord Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (cited in *Jackson v. Stephens*, No. 3:15-CV-552-M-BH, 2016 WL 6581244, at *2 (N.D. Tex. Oct. 19, 2016)).

Texas law sanctions the filing of successive state habeas petitions in at least three circumstances. *See* Tex. Code Crim. Proc. art. 11.071 § 5. Therefore, there is a path to review in state court, and Brown may proceed in state court by establishing, in relevant part, that:

> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application . . . .

Article 11.071, § 5(a).[3]

Brown has non-trivial grounds to satisfy this requirement. A factual basis was unavailable if it "was not ascertainable through the exercise of reasonable diligence on or before" the date Brown filed his initial petition. Tex. Code Crim. Proc. art. 11.071, § (5)(e). As the TCCA has suggested, a fact may not be ascertainable if it is not discovered as a result of ineffectiveness. *See Ex parte Ruiz*, 543 S.W.3d 805, 827 (Tex. Crim. App. 2016). At one time, the TCCA rejected ineffective post-conviction representation as a basis for excusing a late-filed claim. *Ex parte Graves*, 70 S.W.3d 103,

---

[3] Brown could also obtain review in state court by presenting sufficient specific facts that would provide two other routes to merits review in state court. *See* Tex. Code Crim. Proc. Art. 11.071 § 5(a)(2) (review permitted when subsequent application establishes "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt"; *Id.* at § 5(a)(3) (merits review permitted when application establishes that "by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury").

117 (Tex. Crim. App. 2002). But in *Ruiz,* every participating member of the court indicated that state habeas counsel's incompetence provided reason to revisit *Graves.* 2016 WL 6609721, at *17-18 (Richardson, J., joined by Keller, P.J., and Meyers, Johnson, Keasler, and Newell, JJ.); *id.* at *18 (Johnson, J., concurring); *id.* at *22 (Alcala, J., dissenting). The *Ruiz* court concluded, for reasons unique to that case, that it could not revisit *Graves. See id.* at *17-18. But *Ruiz* confirms that, in an appropriate case, the TCCA will revisit its holding and review the merits of a subsequent application raising claims not previously raised solely because of state post-conviction counsel's ineffectiveness.[4] Thus, there is non-trivial reason to believe that, when a petitioner can present grounds for finding his state habeas counsel were ineffective for failing to raise a meritorious claim, the state court would refuse to hear the claim.[5]

Unless the State can show it is entirely clear that the TCCA will not find Brown makes the threshold prima facie showing under state law, this Court should find good cause and potential merit in Brown's unexhausted claims.

## III. There Is No Indication that Brown Has Abusively and Intentionally Engaged in Delay.

Brown's request to return to state court is not brought for the purpose of delay. Brown brings this motion after the State pleaded non-exhaustion of Brown's claims in its Answer. In addition, the failure to exhaust claims was the result of state habeas counsel's ineffective investigation on Brown's

---

[4] *See also Ex parte Alvarez,* 468 S.W.3d 543, 548-49 (Tex. Crim. App. 2015) (Yeary, J., concurring); *cf. Ex parte Medina,* No. WR–41,274–05, 2017 WL 690960, at *9 (Tex. Crim. App. Jan. 25, 2017) (Newell, J., concurring, joined by Keller, P.J., Yeary & Walker, JJ.) ("Assuming that Medina's arguments concerning the advisability of revisiting *Ex parte Graves* in light of *Martinez* and *Trevino* are persuasive, Medina cannot show that they apply in this case.").

[5] In *Brewer, Black,* and *Sparks,* judges of this Court afforded petitioners the ability to present their *Martinez* arguments to the Texas Court of Criminal Appeals. *See also Cade v. Davis,* No. 3:17-cv-3396-G-BT, 2020 U.S. Dist. LEXIS 151037, at *1 (N.D. Tex. July 2, 2020) (recommending motion to stay and abey be granted), *R&R adopted by Cade v. Lumpkin,* No. 3:17-CV-3396-G-BT, 2020 U.S. Dist. LEXIS 150264 (N.D. Tex. Aug. 19, 2020).

behalf, an investigation Brown's current counsel timely began and is expeditiously pursuing.[6] Any remaining concerns the Court may have about delay can be accounted for by "plac[ing] reasonable time limits on petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.[7]

Counsel has not engaged in "intentionally dilatory litigation tactics" that would prevent this Court from granting his motion to stay proceedings. Courts have been reluctant to grant *Rhines* stays because of such tactics—for example, when a state inmate waited to request a *Rhines* stay until *after* the district court denied the habeas petition. Although briefing has been extended in this case, extensions have been the result of pandemic conditions and have not provided Brown any unfair advantage in this case.[8]

## CONCLUSION

Brown respectfully requests this Court to enter an order staying his federal habeas corpus proceeding and holding it in abeyance to permit him to file an application for writ of habeas corpus in state court. To the extent the State disputes the factual averments set forth in this Motion, Brown requests an evidentiary hearing, and to the extent this Court considers it helpful in making its determination, Brown requests an oral argument.

---

[5] Because of the 180-plus days of investigation time Brown has lost due to COVID-19 conditions and restrictions, counsel's investigation is not concluded. Counsel expects to file an amended petition that will likely raise new claims, some of which may be subject to a second *Rhines* motion.

[7] Brown is cognizant of the recent spike in COVID-19 infection rates and hospitalizations across central Texas and specifically in the Hunt County area, that are likely to impede his efforts to fully investigate his claims and present them to the state court.

[8] The State sought and obtained an additional 150 days to file its responsive pleading, and only recently filed the state court record with this Court—more than two months after it had been ordered to do so. *See* ECF No. 26.

## CERTIFICATE OF CONFERENCE

On August 19, 2021, undersigned counsel conferred with counsel for Respondent, Assistant Attorney General Ali Nasser, to resolve this matter by agreement. An agreement could not be reached because the parties disagree on whether the relief sought in this motion is warranted. Respondent's counsel advised that he is opposed to the relief requested herein.

DATED:  August 20, 2021                    Respectfully submitted,

                                           MAUREEN FRANCO
                                           FEDERAL PUBLIC DEFENDER

                                           */s/ Timothy P. Gumkowski*
                                           Timothy P. Gumkowski
                                           Texas Bar No. 24104788
                                           Assistant Federal Defender
                                           Office of the Federal Public Defender
                                           Capital Habeas Unit
                                           919 Congress, Suite 950
                                           Austin, Texas 78701
                                           737-207-3007 (tel.)
                                           512-499-1584 (fax)
                                           Tim_gumkowski@fd.org

                                           Counsel for Petitioner

13

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2021, I electronically filed the foregoing

Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing

to the following:

Ali M. Nasser
Assistant Attorney General
P.O. Box 12548, Capital Station
Austin, Texas 78711
(512) 936-2134
Ali.nasser@oag.texas.gov


*/s/ Timothy Gumkowski*
Timothy Gumkowski