UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH CROFFORD BROWN, | § § | |
| Petitioner, | § § | |
| v. | § | Civil Action No. 3:19-CV-2301-L-BN |
| | § | |
| BOBBY LUMPKIN, Director, | § § | |
| Respondent. | § | |

**ORDER DIRECTING FILING OF STATE TRIAL EXHIBITS**

The matter before the court is Respondent's failure to comply with this Court's Order issued October 23, 2019 (ECF no. 9), which directed Respondent to file a complete set of all state court records relevant to Brown's trial, direct appeal and state habeas corpus proceedings. (ECF no. 9, ¶ 8).

At trial and during Brown's state habeas corpus proceeding, the state courts had before them video and audio recordings which were played in open court for the jury. Specifically, the state trial court admitted into evidence and Brown's jury heard or watched recordings of:

1. State Trial Exhibit no. 39 – a CD containing the audio recording of the 911 calls placed by Stella Ray shortly before her death which included the sound of the fatal shot being fired;

2. State Trial Exhibit no. 44 – a CD containing the video taken by the police dashboard camera from officer Greg Hughes's vehicle showing the firing of the fatal shot;

3. State Trial Exhibit no. 46 – a CD containing the video and audio recording of Brown's interview by police on July 21, 2011;

4. State Trial Exhibit no. 49A – a CD containing the video and audio recording of Brown's interview by a CBS 11 television reporter;

5. State Trial Exhibit no. 40 – a CD containing voice mail messages sent to Tracy Williams; and

6. State Trial Exhibit no. 391 – a CD containing an excerpt from a jail telephone call recorded November 22, 2011.

In addition, during Brown's state habeas corpus proceeding, the state habeas trial court admitted into evidence the following:

7. State Habeas Exhibit no. 2 – a video recording of Brown's "police interview"; and

8. State Habeas Exhibit no. 3 – a video recording of Brown's "news interviews."

This Court has spent many weeks carefully reviewing the entirety of the voluminous state court records submitted electronically to the Clerk by Respondent (ECF nos. 52-59) but has been unable to locate any of the foregoing trial or state habeas exhibits.

It is hereby ORDERED that on or before twenty-one days from the date of this Order, Respondent shall file with the Clerk of this Court true and correct copies of each of the eight items listed above. Each item shall be in a format which this Court can open and review. Respondent is directed to contact the Clerk of the Court to ascertain which electronic formats are accessible by this Court.

**SIGNED April 21, 2022.**

**DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE**