IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAH CROFFORD BROWN, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIV. NO. 3:19-CV-2301-L-BN |
| | § | *DEATH PENALTY CASE* |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| *Respondent*. | § | |

## RESPONDENT LUMPKIN'S OBJECTIONS TO THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

ALI M. NASSER*
Assistant Attorney General
State Bar No. 24098169

* *Counsel of Record*

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-2134
(512) 936-1280 (Facsimile)
Ali.Nasser@oag.texas.gov

*Counsel for Respondent*

## TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................ii

TABLE OF AUTHORITIES .............................................................iii

OBJECTIONS ................................................................................ 1

I.    Objections to the Magistrate's Resolution of Brown's Claims that Trial Counsel Were Ineffective at the Guilt-Innocence Phase of Trial. ................................................ 1

II.   Objections to the Magistrate's Resolution of Brown's Claims that Trial Counsel Were Ineffective at the Punishment Phase of Trial. ........................................... 5

III.  Objections to the Magistrate's Resolution of Brown's Conflict-of-Interest Claim. ............................................... 7

IV.   Objections to the Magistrate's Resolution of Brown's Venue-Trial-Court-Error Claim. ........................................ 8

V.    Objections to the Magistrate's Resolution of Brown's Claims of Prosecutorial Misconduct. ............................... 10

VI.   Objections to the Magistrate's Resolution of Brown's *Miranda* Claims. .......................................................... 12

VII.  Objections to the Magistrate's Resolution of Brown's Challenges to the Texas Capital Sentencing Scheme.................. 14

VIII. Objections to the Magistrate's Resolution of Brown's Cumulative Error Claim........................................................ 17

IX.   Objection to the Magistrate's Conclusion Regarding Brown's Request for an Evidentiary Hearing.............................. 18

X.    *Pinholster* Objection................................................... 19

CONCLUSION ........................................................................ 20

CERTIFICATE OF SERVICE .................................................... 21

# TABLE OF AUTHORITIES

## *Cases*

*Anderson v. Harless,*
  459 U.S. 4 (1982) .............................................................................. 3

*Beatty v. Stephens,*
  759 F.3d 455 (5th Cir. 2014).............................................................. 3

*Brown v. State,*
  No. AP-77,019, 2015 WL 5453765 (Tex. Crim. App. Sept. 16, 2015) ..... 12, 18

*Coleman v. Thompson,*
  501 U.S. 722 (1991) ....................................................................... 3, 4

*Cullen v. Pinholster,*
  563 U.S. 170 (2011) ..................................................................... 18, 19

*Davila v. Davis,*
  137 S. Ct. 2058 (2017) ...................................................................... 9

*Duncan v. Henry,*
  513 U.S. 364 (1995) ........................................................................... 3

*Edwards v. Carpenter,*
  529 U.S. 446 (2000) ........................................................................ 13

*Martinez v. Ryan,*
  566 U.S. 1 (2012). ............................................................................. 4

*McCamey v. Epps,*
  658 F.3d 491 (5th Cir. 2011)............................................................ 19

*Miranda v. Arizona,*
  384 U.S. 463 (1966). ....................................................................... 12

*Murray v. Carrier,*
  477 U.S. 478 (1986) ........................................................................... 3

*Nobles v. Johnson,*
  127 F.3d 409 (5th Cir. 1997).............................................................. 3

*Norris v. Davis,*
   826 F.3d 821 (5th Cir. 2016) ............................................................................. 11

*Sawyer v. Whitley,*
   505 U.S. 333 (1992) ............................................................................................ 3

*Teague v. Lane,*
   489 U.S. 288 (1989) ................................................................................. 6, 15, 17

*Trevino v. Thaler,*
   569 U.S. 413 (2013) ............................................................................................ 4

### Statutes

28 U.S.C. § 2254 ............................................................................... 2, 14, 18, 20

## OBJECTIONS

Petitioner Micah Brown was convicted and sentenced to death in Texas state court for the capital murder of Stella Ray. Brown seeks federal habeas relief from his conviction. ECF No. 29 (Pet.). The Director filed an answer and Brown filed a reply. ECF No. 40 (Ans.); ECF No. 48 (Reply). On August 10, 2022, the magistrate issued findings, conclusions, and a recommendation (FCR) that Brown be denied habeas corpus relief, an evidentiary hearing, leave to amend his petition, and a certificate of appealability (COA). ECF No. 83 (FCR). Although the Director agrees with the ultimate recommendation to deny these requests, the Director respectfully objects to some of the findings and omissions by the magistrate.

## I.   Objections to the Magistrate's Resolution of Brown's Claims that Trial Counsel Were Ineffective at the Guilt-Innocence Phase of Trial.

In his first claim, Brown argues that trial counsel were ineffective for failing to investigate and present a cohesive theory to rebut the State's aggravating element that Brown murdered Ray "during the course of committing or attempting to commit obstruction, retaliation, or terroristic threat." Pet. at 14–62. Specifically, Brown argues that trial counsel should have presented a plethora of alleged impairments to rebut the mens rea element of the aggravating factors. *Id*. The Director does not disagree with the

magistrate's ruling on the merits. However, the magistrate should have found this claim unexhausted and procedurally defaulted.

As the Director argued in his answer, this claim is unexhausted because it is factually distinct from the claim raised in state proceedings. Ans. at 30–32. Without acknowledging whether the claim is unexhausted, the magistrate did recognize the dissimilarity between Brown's state-habeas-IATC-at-guilt claim and his federal-habeas-IATC-at-guilt claim, finding that "Brown "has chosen . . . to expand his list of complaints about the performance of trial counsel during the guilt-innocence phase of trial beyond the specific complaints that he fairly presented in his second claim for state habeas relief[.]" FCR at 107.[1]

The Director objects to the magistrate's decision to bypass the exhaustion determination and any resulting procedural bar. It is settled that habeas relief "shall not be granted" under any circumstances unless it appears that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A petitioner must have first provided to the highest court of the state a fair opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual allegations before a federal court will

---

[1]     If Claim One is deemed exhausted, and therefore adjudicated on the merits, the Director objects to the omission of a determination that Brown failed to show that the state court's adjudication of Claim One was unreasonable under 28 U.S.C § 2254(d).

2

entertain the alleged errors. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). To satisfy exhaustion, all of the grounds raised in a federal habeas application must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Id.*; *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). Moreover, "[t]he exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition." *Nobles*, 127 F.3d at 420 (citing *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982)).

Brown's unexhausted claim is also procedurally defaulted for the purposes of federal habeas review because if he returned to state court to exhaust his claim by filing a subsequent state application, the application would be dismissed for abuse of the writ. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Beatty v. Stephens*, 759 F.3d 455, 465 (5th Cir. 2014). To overcome the default, Brown must demonstrate "cause and prejudice" or show a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "Cause" requires Brown to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A miscarriage of justice in this context means the petitioner is actually innocent of capital murder or his death sentence. *Sawyer v. Whitley*, 505 U.S. 333, 339–40, 349 (1992).

3

Brown argued that he can show cause for the default of his first claim via the equitable exception announced in *Martinez v. Ryan*[2] and *Trevino v. Thaler*.[3] Pet. at 14; Reply at 12–13. In *Martinez*, the Supreme Court found for the first time an equitable exception to the statement previously asserted in *Coleman* that an error by an attorney in a state postconviction proceeding does not qualify as cause to excuse a procedural default. 566 U.S. at 9. *Trevino* held that this limited equitable exception generally applies to Texas capital cases. 569 U.S. at 417. To meet the *Martinez*/*Trevino* exception, Brown must show that (1) his underlying IATC claim is "substantial," meaning that he "must demonstrate that the claim has some merit," *Martinez,* 566 U.S. at 14; and (2) his initial state habeas counsel was ineffective in failing to present this claim in his first state habeas application. *See id.*; *Trevino,* 569 U.S. at 429. Brown can satisfy neither prong because, as correctly determined by the magistrate, his first claim has no merit, FCR at 103–17, and state-habeas counsel therefore were not ineffective for failing to raise this claim.

Therefore, the Director objects because the magistrate should have found that Brown's first claim is unexhausted and resultantly procedurally defaulted.

---

[2]     *Martinez v. Ryan*, 566 U.S. 1 (2012).

[3]     *Trevino v. Thaler*, 569 U.S. 413 (2013).

## II.   Objections to the Magistrate's Resolution of Brown's Claims that Trial Counsel Were Ineffective at the Punishment Phase of Trial.

In his second claim, Brown argues that trial counsel were ineffective for failing to investigate and present mitigating evidence at punishment. Pet. at 62. The Director does not disagree with the magistrate's recommendation to ultimately deny this claim. But the Director objects because the magistrate should have found specific parts of this claim unexhausted and procedurally defaulted.

At the end of his second claim, Brown argues that trial counsel were ineffective for failing to object to the State's argument regarding the chilling effect a life sentence would have on future witnesses coming forward. Pet. at 107–08.  In a footnote, he also argues that trial counsel should have objected to the State's comment on Brown's demeanor because it is "tantamount to arguing that a person should be executed not because of the severity of their crime but because of the nature of their disability." *Id.* at 104 n. 27. Brown also suggests that trial counsel's ineffectiveness violated the Eighth and Fourteenth Amendments. Pet. at 111–12. As the Director argued in his answer, these specific arguments were not raised in state court. Ans. at 109 n.20, 110, 112 n.21. These claims are also procedurally defaulted because if Brown returned to state court to exhaust them by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra*

5

pp.2–4. And Brown cannot prevail on these defaulted claims except in limited circumstances. *See supra.* pp. 2–4. He fails to demonstrate such circumstances here.[4] The Director objects to the omission of a determination that these portions of Brown's second claim are unexhausted and therefore procedurally defaulted.

Moreover, as the Director argued, Ans. at 112 n.21, Brown's suggestion that trial counsel's ineffectiveness violated the Eighth and Fourteenth Amendments is also barred under *Teague v. Lane*, 489 U.S. 288 (1989), because Brown is attempting to apply a new constitutional rule of criminal procedure. *Id*. at 310 ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."). The Director therefore also objects to the omission of a determination that this specific part of Brown's second claim is *Teague*-barred.

---

[4]      Brown never addressed whether he could show cause to overcome the default of these specific parts of his second claim. Brown argued that his second claim was unexhausted because it was fundamentally altered by his new expert reports. Reply at 17–18. And he then briefly addressed the procedural default with respect to his second claim alleging that the insufficiency of the state-court evidence was "the fault of state-habeas counsel." *Id*. at 18. But he never addressed the default of the failure-to-object part of that claim. *Id*. Brown also acknowledged that his IATC-Eighth-Amendment claim may be unexhausted, but never made an argument to overcome any resulting default. Reply at 17 n.10.

### III. Objections to the Magistrate's Resolution of Brown's Conflict-of-Interest Claim.

In claim three, Brown argues that his constitutional rights were violated when a conflict of interest led to counsel picking the interests of his fact investigator, James Smith, over Brown's defensive strategy of showing Stella Ray's drug use. Pet. at 113. Smith's wife, Brown contends, could have shown evidence of Stella Ray's drug use, but Smith threatened to quit if trial counsel called her to testify. *Id.* at 118–19. While the Director does not disagree with the magistrate's ruling on the merits, the Director objects because the magistrate should have found this claim procedurally defaulted and barred under *Teague*.

As the Director argued in his answer, Brown's argument that prejudice should be presumed when evaluating a claim alleging "conflict" between an attorney's personal interests and those of his client is not supported by any Supreme Court precedent. Ans. at 115 n.5. The magistrate recognized as much. FCR at 155. Therefore, the Director objects because the magistrate should have found that the claim is barred under *Teague*, as Brown seeks to apply a new constitutional rule of criminal procedure. *See supra* p.6.

The magistrate also recognized that Brown did not fairly present this claim in state court. FCR at 152. And the claim is also procedurally defaulted for the purposes of federal habeas review because if Brown returned to state

7

court to exhaust this claim by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra.* pp.2–4. So, as explained above, Brown cannot prevail on a defaulted claim except in limited circumstances. *Id.*

Brown argues that he can show those circumstances because, if this claim is unexhausted, he can still show cause under *Martinez/Trevino* to present the claim in federal court. Pet. at 113; Reply at 22. But Brown can satisfy neither prong of *Martinez* because his third claim has no merit, *see* FCR at 151–59, and state-habeas counsel therefore could not have been ineffective for failing to raise the claim. The Director accordingly objects because the magistrate should have found that Brown's third claim is unexhausted and procedurally defaulted as a result.

## IV. Objections to the Magistrate's Resolution of Brown's Venue-Trial-Court-Error Claim.

In his fourth claim, Brown raised both a claim that trial counsel were ineffective for failing to move for a change of venue and that the trial court erred by failing to change venue sua sponte. Pet. at 121–28. The Director does not disagree with the magistrate's ruling on the merits of Brown's the IATC-venue claim. FCR at 159–68. The Director also does not disagree with the magistrate's ruling on the merits of Brown's the venue-trial-court-error claim. *Id.* at 168–71. The Director, however, objects because the magistrate should

have found that Brown's venue-trial-court-error claim is procedurally defaulted.

As, the magistrate correctly determined, Brown's claim that the trial court should have sua sponte changed venue is unexhausted. FCR at 169. Therefore, this unexhausted claim is procedurally defaulted for the purposes of federal habeas review because if Brown returned to state court to exhaust his claim by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra.* pp.2–4. So, as explained above, Brown cannot prevail on a defaulted claim except in limited circumstances. *See id.*

Brown argues that he can demonstrate such circumstances because, if this claim is unexhausted, he can still obtain a merits review of the claim under *Martinez/Trevino.* Pet. at 127; Reply at 23 n.13. Brown's argument fails for two reasons. First, the *Martinez* exception to the "cause" rule under *Coleman* does not apply to claims of trial court error, as it does not apply to non-IATC claims. *See Davila v. Davis,* 137 S. Ct. 2058, 2065 (2017). And second, even assuming *Martinez* applies, Brown can satisfy neither prong of *Martinez* because, as the magistrate determined, his venue-trial-court-error claim has no merit, FCR at 168–71, and state-habeas counsel therefore could not have been ineffective for failing to raise the claim. The Director objects because the magistrate should have found that this claim is procedurally defaulted.

9

## V.   Objections to the Magistrate's Resolution of Brown's Claims of Prosecutorial Misconduct.

In his fifth claim for relief, Brown argues that the prosecution committed misconduct by making improper jury arguments. Pet. at 128–42. In the first part of that claim, Brown argues that the prosecution improperly commented on his failure to testify. Pet. at 130. As the magistrate correctly found, that standalone argument was never raised in state court and it is unexhausted. FCR at 72. Therefore, this unexhausted claim is procedurally defaulted for the purposes of federal habeas review because if Brown returned to state court to exhaust his claim by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra*. pp.2–4. So, as explained above, Brown cannot prevail on a defaulted claim except in limited circumstances. *See id*. He fails to show such circumstances here.[5] The Director therefore objects because the magistrate should have found this part of Brown's fifth claim procedurally defaulted.

As part of his fifth claim, Brown also argues that the prosecution violated his Eighth Amendment rights when it argued that mitigating evidence must be connected to the crime. Pet. at 131–34. As the Director argued, part of the claim—that the prosecution improperly talked about how Brown's family tree

---

[5]   Brown acknowledges that this claim is unexhausted, but instead of arguing to overcome a default, he only asked for a stay of proceedings. Reply at 26–27.

and family history was not sufficiently mitigating—was procedurally defaulted on appeal because Brown did not preserve the alleged error at trial. Ans. at 142 (citing *Brown v. State*, No. AP-77,019, 2015 WL 5453765, at *12–13 (Tex. Crim. App. Sept. 16, 2015)). The Fifth Circuit has consistently held that the Texas contemporaneous objection rule is an adequate and independent state ground barring federal habeas review of a petitioner's claim. *Norris v. Davis*, 826 F.3d 821, 832 (5th Cir. 2016). Because the Texas contemporaneous objection bar is an adequate and independent state ground barring relief, Brown's fifth claim pertaining to this particular part of closing argument is therefore defaulted. Brown fails to show cause and prejudice to overcome the default and he fails to show defaulting the claim would result in a miscarriage of justice. The Director therefore objects because the magistrate should have found this part of Brown's fifth claim procedurally defaulted.

In another portion of his fifth claim, Brown argues that the State violated his due process rights during closing argument when it (1) suggested he had the burden of proof on the future-dangerousness special issue, (2) referred to "God" and "mercy", and (3) suggested that if Brown were set free, he would shoot Tracy Williams. Pet. at 134–40. As the magistrate determined, these claims are unexhausted. FCR at 89. Therefore, they are procedurally defaulted from habeas review because if Brown returned to state court to exhaust them by filing a subsequent state application, the application would be dismissed for

11

abuse of the writ. *See supra*. pp.2–4. Brown has not shown cause and prejudice or that failure to consider this claim would result in a fundamental miscarriage of justice.[6] The Director therefore objects because the magistrate should have found this part of Brown's fifth claim procedurally defaulted.

Brown also raised the argument that these allegedly improper arguments cumulatively prejudiced the Director. Pet. at 140–41. As the Director argued, this claim is unexhausted and therefore defaulted, and it is also barred under *Teague*. Ans. at 151–52; *see supra* pp.2–4 (discussion of procedural default), 6 (discussion of *Teague* nonretroactivity). It is also meritless because a court cannot cumulate prejudice where there is no error. The Director objects to the magistrate's omission of these findings as they pertain to Brown's cumulation argument at the end of his fifth claim.

## VI. Objections to the Magistrate's Resolution of Brown's *Miranda*[7] Claims.

In his sixth claim for relief, Brown argues that the trial court committed constitutional error when it admitted his videotaped, post-arrest statements to law enforcement and his videotaped, post-arrest statements to a television reporter. Pet. at 142. He also argues that he did not knowingly, voluntarily, or

---

[6]    Brown only argues that if these claims are unexhausted, he should be allowed to go back to state court; he does not make any argument to overcome the default. Reply at 29–31.

[7]    *Miranda v. Arizona*, 384 U.S. 463 (1966).

intelligently waive his rights under *Miranda* because of his alleged mental impairments. *Id*. at 145–46. And finally, Brown alleges that trial counsel were ineffective for failing to object to the admission of these videos. *Id*. at 149–50.

While the Director agrees with the magistrate's disposition of Brown's *Miranda*-trial-court-error claims, he objects to the omission of a procedural default as to these claims. As the magistrate acknowledged, trial counsel did not object to the admission of these videotapes and appellate counsel did not complain about the admission of either videotaped statement on direct appeal. FCR at 58. Therefore, the claim is unexhausted and procedurally defaulted because, if Brown returned to state court to exhaust his claim by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra*. pp.2–4.

In a footnote, Brown suggested that he could show cause to overcome the default because appellate counsel was ineffective for failing to raise these claims on direct appeal. Pet. at 142 n.36. But, as explained in the Director's answer, Brown's cause argument fails because appellate counsel cannot be ineffective for failing to raise an unpreserved—and therefore frivolous— argument. Ans. at 153. Moreover, because Brown failed to exhaust his claim that appellate counsel was ineffective for failing to raise a standalone *Miranda* claim, that claim itself is defaulted and it cannot serve as cause to overcome the default of Brown's standalone *Miranda* claim. *See Edwards v. Carpenter*,

13

529 U.S. 446, 453 (2000); 1.SHCR at 103–07. Therefore, Brown's *Miranda*-trial-court-error claim is procedurally defaulted and the Director objects to the omission of any such finding.

Brown also briefly raised his exhausted claim that trial counsel were ineffective for failing to object to the admission of these videotapes. Pet. at 149–50. The magistrate's report does not seem to address this part of Brown's sixth claim. As the Director argued, this part of Brown's sixth claim was exhausted and adjudicated on the merits in state court. Ans. at 168–69. Because Brown fails to show that the denial of this claim was an unreasonable application of Supreme Court law, Brown fails to meet his burden under 28 U.S.C. § 2254(d). *Id*. The Director objects to the omission of such an analysis disposing of the IATC portion of Brown's sixth claim.

## VII. Objections to the Magistrate's Resolution of Brown's Challenges to the Texas Capital Sentencing Scheme.

In his eighth claim, Brown raised three challenges to the Texas special issues. Specifically, he argued that the trial court erred because it did not rule that (1) the Texas future dangerousness special issue is unconstitutional for failing to narrow the class of death-eligible defendants and for failing to define the terms "probability," "criminal acts of violence," or "continuing threat to society"; (2) that the mitigation special issue fails to adequately define "mitigation evidence"; and (3) that the Texas "10-12" rule is unconstitutional."

14

Pet. at 153–60. The Director does not disagree with the magistrate's ruling on the merits.

But the magistrate should have also found that Brown's future dangerousness argument and his 10-12 Rule argument are barred under the non-retroactivity doctrine of *Teague*. *See supra* p.6. As the Director argued in his answer, the Supreme Court has never held that Texas's special issues contain vague terms requiring further definition. Ans. at 174. The magistrate acknowledged as much, noting that the Fifth Circuit has rejected Brown's argument for "more than a quarter century[.]" FCR at 32. The Director also argued that the Fifth Circuit has routinely rejected Brown's 10-12 Rule argument. Ans. at 175. The magistrate recognized that as well. FCR at 41. Thus, the magistrate should have found Brown's vagueness and 10-12 rule arguments in claim eight barred under *Teague*, 489 U.S. at 310.

Moreover, the magistrate recognized that Brown's future dangerousness and mitigation challenges to the Texas special issues were not raised in state court and are therefore unexhausted. FCR at 28. And these claims are also procedurally defaulted for the purposes of federal habeas review because if Brown returned to state court to exhaust them by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra*. pp.2–4. Therefore, Brown cannot obtain review of them except in limited situations. *See id*. As he fails to show such a situation here, these parts of

Brown's eighth claim are unexhausted and consequently procedurally defaulted, and the Director objects to the magistrate's omission of such a finding.

In his ninth claim, Brown raised two challenges to the Texas capital sentencing scheme. Specifically, he argued (1) that the scheme fails to narrow the class of death eligible offenders and (2) that the scheme fails to ensure a comparative proportionality review of a capital sentence. Pet. at 160–64. The magistrate recognized that these arguments were not raised in state court and are therefore unexhausted. FCR at 27–28. And Brown's ninth claim for relief is also procedurally defaulted because if Brown returned to state court to exhaust his claim by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra.* pp.2–4.

To show cause for failing to exhaust his ninth claim, Brown argues that his claim is supported by "recent scholarship" that was unavailable in state court. Pet. at 160; Reply at 38–39. He cites no authority showing that the emergence of additional support for a claim renders it previously unavailable such that cause is shown under *Coleman*. *Id.* Nor can he show *Coleman* prejudice, as his death sentence was not disproportionate given the facts of the case: Brown brutally hunted down and shot his ex-wife in front of their children, said he did not regret it, and showed intent to subsequently murder Tracy Williams. *See Brown*, 2015 WL 5453765, at *1–6. As Brown's attempt to

16

overcome this default fails, Brown's ninth claim is procedurally defaulted, and the Director objects to the magistrate's omission of such a finding.

The Director also argued that Brown's insufficient-narrowing claim is barred under *Teague* because the Supreme Court has never held that the Texas special issues do not sufficiently narrow the class of death-eligible offenders. Ans. at 178–79. The magistrate recognized that the Supreme Court has "repeatedly rejected" the insufficient-narrowing argument, FCR at 44, but did not explicitly apply the *Teague* bar. Thus, the Director objects because the magistrate should have ruled that Brown's improper-narrowing claim is barred under *Teague*. *See supra* p.6.

## VIII. Objections to the Magistrate's Resolution of Brown's Cumulative Error Claim.

In his final claim for relief, Brown argues that the prejudice of his alleged constitutional violations should be cumulated. Pet. at 168–70. While the Director agrees with the magistrate's recommendation that this claim be denied, he objects. As the magistrate found, this claim is unexhausted. FCR at 171. Therefore, the claim is procedurally defaulted because if Brown returned to state court to exhaust this claim by filing a subsequent state application, the application would be dismissed for abuse of the writ. *See supra.* pp.2–4.

Brown cannot show cause and prejudice or that defaulting the claim would lead to a miscarriage of justice. In his reply, Brown conceded his failure

to exhaust and did not make any argument to overcome the default in federal court. Reply at 41. The Director accordingly objects to the magistrate's omission of any finding that this claim is unexhausted and therefore procedurally defaulted.

## IX.   Objection to the Magistrate's Conclusion Regarding Brown's Request for an Evidentiary Hearing

At the end of his petition, Brown requested an evidentiary hearing. Pet. at 170. The magistrate recommended that Brown's request be denied. FCR at 173–75. The magistrate correctly concluded that where the state court adjudicated Brown's claims on the merits, further factual development is precluded by *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("evidence introduced in federal court has no bearing on § 2254(d)(1) review" and "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court"). FCR at 173. Regarding any new legal or factual claims Brown raised, the magistrate also correctly concluded that Brown is not entitled to develop his new claims because, even assuming they were true, he would still not be entitled to relief. *Id*. at 174.

The Director objects to one omission in this section of the FCR: 28 U.S.C. § 2254(e)(2), as it applies to unexhausted claims. The magistrate correctly determined that 28 U.S.C. § 2254(e)(2) precludes developing new evidence

18

"[i]nsofar as Brown's claims in this federal habeas corpus proceeding were disposed of on the merits during the course of his direct appeal or state habeas corpus proceedings[.]" *Id.* at 173. But § 2254(e)(2) also "continues to have force" with respect to claims that *were not* adjudicated on the merits in state court proceedings. *Pinholster*, 563 U.S. at 185–86; *see also McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011) (noting that § 2254(e)(2) "remains an important tool" where habeas petitioners raise claims not adjudicated on the merits by the state court). Thus, the magistrate should have concluded that § 2254(e)(2) also precludes Brown's request for a hearing on his unadjudicated claims, and the Director objects to this omission.

## X.   *Pinholster* Objection

As the Director stated in his answer, Brown attached two reports from psychologists to his petition. Ans. at 80 n.16. Moreover, the Director noted that several of Brown's proffered state-habeas exhibits, including affidavits from family members and one declaration from an expert—were not admitted at the state-habeas hearings because they were inadmissible hearsay. *Id.* at 106 n.19. Where this evidence was used to support any claim adjudicated on the merits by the state court, this Court is precluded from considering it under *Pinholster*. 563 U.S. at 185. However, the magistrate never addressed the *Pinholster* bar pertaining to this evidence; the magistrate addressed *Pinholster* only in the context of Brown's request for a hearing. FCR at 174–75. The Director objects

to this omission of a finding that Brown's newly proffered evidence cannot be considered when analyzing Brown's adjudicated claims under 28 U.S.C. § 2254(d).

## CONCLUSION

The Director respectfully provides these objections to the magistrate's findings, conclusions, and recommendation. For the foregoing reasons, the Director respectfully objects to the magistrate's findings, conclusions, and recommendation.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Ali M. Nasser
ALI M. NASSER*
*Counsel of Record*                    Assistant Attorney General
State Bar No. 24098169

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-2134
(512) 936-1280 (Facsimile)
Ali.Nasser@oag.texas.gov

*Counsel for Respondent*

20

## CERTIFICATE OF SERVICE

I do hereby certify that on August 24, 2022, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Timothy P. Gumkowski
Assistant Federal Defender
Office of the Federal Public Defender
Capital Habeas Unit
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007
Tim_gumkowski@fd.org

 s/ Ali M. Nasser
ALI M. NASSER
Assistant Attorney General

21