IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICAH CROFFORD BROWN,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:19-CV-2301-L-BN** |
| § | |
| **BOBBY LUMPKIN,** Director, § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## **ORDER**

On August 10, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 83) was entered. The 194-page Report recommends that the court deny: Petitioner's federal habeas petition (Doc. 29), as supplemented by his reply brief (Doc. 48);[1] Petitioner's request for an evidentiary hearing; Petitioner's Motion for Leave to File Amended Petition (Doc. 76); and a Certificate of Appealability on all of Petitioner's claims for relief.

On September 14, 2022, Petitioner filed 35 pages of objections (Doc. 89) to the Report with respect to all of his claims. He also takes issue with the magistrate judge's recommendation that the court deny his request for a hearing, deny his request for leave to amend, and deny him a certificate of appealability. In addition, he requests that the undersigned conduct an independent de novo review of his objections, pursuant to 28 U.S.C. § 636(b)(1)(C). The court has conducted a de novo review of Petitioner's objections and disagrees with his contention that the magistrate

---

[1] Petitioner's habeas action is brought pursuant to 18 U.S.C. §2254. Petitioner asserts several claims based on ineffective assistance of trial counsel. He also asserts various claims regarding jury instructions, venue, alleged jury misconduct, alleged *Miranda* violations, allegedly improper prosecutorial jury argument, and cumulative error.

**Order – Page 1**

judge's findings, conclusions, and recommendations are not consistent with the facts and applicable law in this case.

On August 24, 2022, Respondent also filed objections to the Report (Doc. 85). Respondent clarifies that he agrees with the magistrate judge's ultimate recommendation to deny all relief requested by Plaintiff. He, nevertheless, objects to the extent that the magistrate judge did not address of all of his arguments to Plaintiff's habeas claims, including those pertaining to exhaustion, procedural default, and the non-retroactivity doctrine. It is not necessary for the court to address these objections regarding *additional or alternative* grounds for dismissing Petitioner's habeas claims. The Report resolves all claims by Petitioner, and the magistrate judge's recommended disposition of Petitioner's claims is correct. The court will, therefore, overrule the objections asserted by both sides without expressing any opinion regarding the merits of Respondent's objections and alternative grounds for dismissal.

Thus, having considered Petitioner's federal habeas petition, as supplemented; the response to the petition, the thorough and well-reasoned Report, the file, and record in this case, and having conducted a de novo review of those portions of the Report to which objection was made by Petitioner and Respondent, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Respondent's objections (Doc. 85); **overrules** Petitioner's objections (Doc. 89); **denies** Petitioner's federal habeas petition (Doc. 29), as supplemented by his reply brief (Doc. 48); **dismisses with prejudice** all claims asserted by Petitioner in this action; **denies** his request for an evidentiary hearing; and **denies** his Motion for Leave to File Amended Petition (Doc. 76).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C.

§ 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 11th day of January, 2023.

Sam A. Lindsay<br>
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**