IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICAH CROFFORD BROWN,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:19-CV-2301-L-BN** |
| § | |
| **BOBBY LUMPKIN,** Director, § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Micah Crofford Brown's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) ("Motion" or "Rule 59(e) Motion") (Doc. 94), filed February 7, 2023. The Motion is opposed by Respondent. For the reasons herein explained, the court **denies** the Motion (Doc. 94).

### I.     Procedural Background

Micah Crofford Brown's ("Petitioner") federal habeas petition in this action was filed, pursuant to 28 U.S.C. § 2254, to challenge his May 2013 Hunt County capital murder conviction and death sentence. On September 27, 2019, the case was referred for pretrial management to a randomly assigned magistrate judge, who set a deadline of May 1, 2020, for Petitioner to file his habeas petition. Petitioner objected to this deadline because it preceded the date that his statute of limitations expired on September 11, 2020, for filing a habeas petition. After the court overruled this objection, Petitioner moved on March 23, 2020, for an extension until September 11, 2020 or, alternatively, a sixty-day extension, to file a habeas petition, citing the COVID-19 Pandemic and related closures in Texas at that time. This unopposed motion was granted by the

magistrate judge on June 10, 2020, to the extent that Petitioner's deadline to file his habeas petition was extended to July 1, 2020. The magistrate judge declined at this time to extend Petitioner's deadline to September 11, 2020, out of concern that extending the filing deadline to the final day of the statutory limitations period could have the unintended effect of preventing the filing of a timely amended petition to address matters raised in Respondent's answer. Doc. 24. Notwithstanding the concern expressed by magistrate judge, on June 9, 2020, Petitioner moved again to continue his deadline for filing his habeas petition to September 11, 2020, the statutory deadline. This motion, which was not opposed by Respondent, was granted by the magistrate judge.

Petitioner filed his habeas petition on September 11, 2020. Doc. 29. On the same date, he filed a Motion to Modify or Suspend Scheduling Order Due to Extraordinary Circumstances (Doc. 30), again citing the Pandemic as a reason for needing more time to investigate his claims. This motion was denied by the magistrate judge on September 17, 2020. Doc. 31. Petitioner filed objections to this order on October 1, 2020. Doc. 31. On May 14, 2021, Petitioner filed amended objections to the order without leave of court, several months after his deadline for filing objections pursuant to Federal Rule of Civil Procedure 72(a) expired.[1]  Doc. 42.

On August 27, 2021, the undersigned entered a memorandum opinion and order (Doc. 64) affirming, as supplemented, the magistrate judge's September 17, 2020 order and denial (Doc. 31) of Petitioner's Motion to Modify or Suspend Scheduling Order Due to Extraordinary Circumstances (Doc. 30). *Brown v. Lumpkin*, No. 3:19-CV-2301-L-BN, 2021 WL 3847491 (N.D. Tex. Aug. 27, 2021). This memorandum opinion and order overruled Petitioner's original objections to the magistrate judge's order. It also struck his Amended Objections (Doc. 42)

---

[1] Rule 72(a) applies to objections to magistrate judge orders on nondispositive matters and provides that "a party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

**Memorandum Opinion and Order – Page 2**

because they were filed without leave of court several months after expiration of the fourteen-day deadline for filing objections under Rule 72(a) despite the court's prior warning about the consequences of doing so. *Id.*; *see also* Order 2 (Doc. 20) (overruling Petitioner's objections to a nondispositive order entered by the magistrate judge and explaining that the habeas death penalty nature of this case does not relieve Petitioner from applying with applicable rules of civil procedure or legal authority).

Petitioner waited until June 20, 2022, approximately 21 months after the expiration of the statute of limitations, before moving for leave to amend his habeas petition under Federal Rule of Civil Procedure 15(a)(2) and 28 U.S.C. § 2254. Doc. 76 ("Motion for Leave"). The magistrate judge's findings, conclusions, and recommendation ("Report") (Doc. 83) followed on August 10, 2022, recommending that the court: (1) deny Petitioner's habeas petition (Doc. 29), as supplemented by his reply brief (Doc. 48); (2) deny his request for an evidentiary hearing; (3) deny his Motion for Leave to amend his petition; and (4) deny a certificate of appealability. Doc. 83.

On the same date, the magistrate judge entered an order (Doc. 82) denying Petitioner's Sealed Motion for Leave to File Exhibit Ex Parte (Doc. 77), which was filed in connection with his request for leave to amend his habeas petition. The magistrate judge viewed this motion and Petitioner's request for leave to amend as a third attempt by him to stay the proceedings in this case while seeking state court review of constitutional claims. The magistrate judge explained in his order (Doc. 82) and Report why these motions and Petitioner's claims lack merit, notwithstanding his assertions regarding the effect of the Pandemic on his ability to investigate and allege claims in this action before expiration of the statute of limitations. Petitioner filed

objections to the magistrate judge's Report on September 14, 2022, but did not file objections to this order.

On January 11, 2023, the court entered an order (Doc. 91) accepting the Report's recommendation as to Petitioner's habeas petition, the Motion for Leave to amend his petition; and the request for a hearing. The court also overruled Petitioner's objections to the Report and denied a certificate of appealability. *See Brown v. Lumpkin*, No. 3:19-CV-2301-L-BN, 2023 WL 158911, at *1-2 (N.D. Tex. Jan. 11, 2023). Judgment was entered on the same date—January 11, 2023. Doc. 92.

Petitioner filed his Motion for relief under Rule 59(e) on February 7, 2023. Except for a footnote in which he contends that the denial of an evidentiary hearing constituted error, Petitioner's Motion focuses primarily on the denial of his request to amend his pleadings under Federal Rule of Civil Procedure 15, after expiration of the September 11, 2020 statutory deadline to file his habeas petition. Briefing on his Motion was complete as of March 13, 2023. Because the Motion was filed within 28 days after entry of the judgment, Rule 59(e) applies.

## II.     Legal Standard Applicable to Rule 59(e) Motions

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised before entry of judgment. *Powers v.*

*Northside ISD*, 951 F.3d 298, 309 (5th Cir. 2020); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted).

When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

### III.    Analysis

Petitioner contends that the magistrate judge's recommendation to deny his June 2022 Motion for Leave to amend his pleadings "rests on legal and factual error." Doc. 94 at 2. His Motion is directed primarily at the magistrate judge's August 10, 2022 Report (Doc. 83), but he also argues that the undersigned or the court should "correct its decision" because the Report rested on legal and factual error. *Id.* In this regard, he asserts that the magistrate judge's "recommendation ignores the liberal nature of Rule 15," which "expressly requires that leave to amend be 'freely' granted in the interest of justice." *Id.* Petitioner raises three primary arguments to support his contention that he should have been granted leave to amend "freely" under Rule 15. As noted, he also contends that the magistrate judge erred in determining that he was not entitled to an evidentiary hearing.

      A.        **Motion for Leave to Amend under Rule 15**

        1.  **Rule 15 Legal Standard**

Federal Rule of Civil Procedure 15 applies to habeas proceedings and allows a petitioner to amend his or her pleadings once as a "matter of course" without leave of court before a responsive pleading is served. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); Fed. R. Civ. P. 15(a)(1). Thereafter, "leave of court" or the opposing party's consent is required. Fed. R. Civ. P. 15(a)(2). If a petitioner seeks leave to amend his or her claims after expiration of the Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitations, then all claims—including the proposed amendments—must relate back to the petitioner's original timely filed claims to be considered. *See* Fed. R. Civ. P. 15(c)(1); *see also United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).

Rule 15(a)(2) provides that the district court "should freely give leave when justice so requires." Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer* v. *Westbrook*, 751 F.3d 354, 367, 71 (5th Cir. 2014) (citation omitted).

        2.  **Interests of Justice**

           a.  **COVID-19 Pandemic**

Petitioner first argues that the interests of justice required granting him leave to amend under Rule 15 in light of the unprecedented global Pandemic. According to Petitioner, the magistrate judge's Report and recommendation "ignored the requirement that it consider the interests of justice" because it did not mention the Pandemic, which he contends "put a near halt"

to his legal team's ability to adequately investigate, research, and develop his claims, as needed to amend his petition. Doc. 94 at 4. Petitioner points to two federal cases out of California and Florida in which a motion to equitably toll the habeas limitations period and a motion to stay a case were granted in light of the COVID-19 Pandemic. *Id.* (citing *Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2021 WL 1388169 (E.D. Cal. Apr. 13, 2021) (granting motion to toll limitations period on the grounds that the case involved complex issues and voluminous record, and the respondent appeared to concede that the petitioner had acted reasonably diligently, and the Pandemic would continue to be an extraordinary circumstance; and the respondent did not argue that he would suffer any prejudice); and *Brooks v. Inch*, 3:15-CV-264-MW-EMT (N.D. Fl. Aug. 25, 2020) (order granting requested stay without any analysis based only on Petitioner's averment that his amended petition could not be completed until after COVID-19 restrictions are lifted).[2] He contends that the interests of justice required the same result here.

Respondent disagrees and asserts that the magistrate judge's Report forth the correct legal standard for amendment of pleadings in a habeas case and applied that standard to Petitioner's request for leave to amend his pleadings. Respondent, therefore, contends that this argument by Petitioner amounts at most to disagreement with the court's decision, and not clear factual error or disregard of controlling law. Petitioner replies that the inclusion of the appropriate legal standard in the Report does not mean that it was correctly applied by the magistrate judge. Petitioner, therefore, continues to argue that the magistrate judge did not heed the requirement that leave be granted freely when justice so requires.

Respondent is correct. The magistrate judge set forth the correct legal standard applicable to pleading amendments under Rule 15 and applied that standard to the facts of this case. Petitioner's dissatisfaction with the magistrate judge's recommendation that this court should

---

[2] These cases are not binding on the court and are distinguishable for the reasons herein explained.

**Memorandum Opinion and Order – Page 7**

deny his request for leave to amend on futility and lack of diligence grounds is not an appropriate basis for seeking review under Rule 59(e). Moreover, Petitioner's contentions regarding the Pandemic were briefed at length by the parties, and these contentions were acknowledged and addressed in the magistrate judge's most recent order and Report (Docs. 82, 83).

As before in addressing Petitioner's prior protestations regarding the Pandemic, the magistrate judge concluded, and the undersigned agreed, that Petitioner had not demonstrated diligence before and after the Pandemic closures, or during the Pandemic, for example, in conducting legal research and reviewing state court records. Petitioner has taken the position throughout this case that the unprecedented nature of the COVID-19 Pandemic was a sufficient reason alone for granting his requests to stay the case and continue the deadlines to file his habeas petition. The court, however, disagrees that the mere existence of the Pandemic, without more, constituted a per se basis for granting his request to amend his pleadings 21 months after expiration of the statute of limitations. Instead, Petitioner needed to demonstrate how the Pandemic prevented him from timely filing his amended petition, and that he diligently pursued his habeas rights.

In equitable tolling cases involving similar Pandemic related delay arguments, courts have concluded that the Pandemic itself and circumstances during the COVID-19 Pandemic, including prison lockdowns, that merely make it difficult to complete and file a petition do not constitute extraordinary circumstances, without more, and are insufficient unless the petitioner also demonstrates how the Pandemic prevented him or her from timely filing a petition despite the exercise of diligence. *See, e.g., Young v. Mississippi*, No. 3:20-CV-736 TSL-RPM, 2021 WL 4190646, at *5 (S.D. Miss. Aug. 6, 2021) (citing cases), *report and recommendation adopted sub nom. Young v. Mississippi*, No. 3:20-CV-736 TSL-RPM, 2021 WL 4189634 (S.D. Miss. Sept.

**Memorandum Opinion and Order – Page 8**

14, 2021); *United States v. Clay*, No. 2:20-236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021) (citing cases).³ The same reasoning applies here to the extent that the Pandemic alone does not excuse Petitioner's lack of diligence in seeking to amend his petition, and the magistrate judge's finding in this regard is supported by the record in this case. The magistrate judge also determined, and the undersigned agreed, that the futility of Petitioner's claims weighed against allowing him to amend his petition. In any event, Petitioner's disagreement with the reasons justifying the denial of his Motion for Leave is not an appropriate ground for obtaining relief under Rule 59(e).

### b. Prejudice to Respondent

Petitioner also contends for the first time in his reply that the magistrate judge's analysis contains no prejudice finding as to Respondent, and, in the absence of prejudice, he should have been granted leave to amend because "prejudice is the 'touchstone of the inquiry under Rule 15(a).'" Doc. 96 at 2 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001)). Petitioner further asserts that, "[i]f no prejudice is found, then leave [to amend] normally will be granted." *Id.* (quoting Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1484 (3d ed.)).

Petitioner argues that the magistrate judge implicitly rejected Respondent's argument regarding prejudice, because the magistrate judge's denial of his motion for leave to amend contains no prejudice finding. According to Petitioner, the "apparent view that there was no real prejudice in allowing the proposed amendments should have weighed heavily in favor of permitting them." Doc. 96 at 2 (citing *Lone Star Ladies Inv. Club,* 238 F.3d at 368). He contends

---

³ In support of his motion for leave to amend his petition, Petitioner also argued that the busy schedule of his legal team in representing other clients justified his delay in seeking to amend his pleadings. *See* Doc. 76 at 9-10; Doc. 80 at 2. The hectic schedule of an attorney, however, has likewise been held to be an insufficient ground to excuse the untimely assertion of habeas claims. *See Pruett v. Stephens*, 608 F. App'x 182, 186-87 (5th Cir. 2015); *Lookingbill v. Johnson*, 242 F. Supp. 2d 424, 435-36, 2000 WL 33957166 (S.D. Tex. 2000).

**Memorandum Opinion and Order – Page 9**

that the magistrate judge, instead, "disregarded that 'touchstone' of Rule 15 in [his] analysis and, in so doing, committed legal error." Doc. 96 at 2 (citing *Lone Star Ladies Inv. Club,* 238 F.3d at 368).

As noted, there is no mention regarding Rule 15's prejudice factor in Petitioner's Rule 59(e) Motion. It was raised for the first time in Petitioner's reply brief.  The court, therefore, declines to consider this argument.  *Perez v. Bruister*, 823 F.3d 250, 273 n.31 (5th Cir. 2016) (citing *Wright v. Excel Paralubes*, 807 F.3d 730, 736 (5th Cir. 2015)). While Petitioner previously argued in his Motion for Leave that Respondent would not be prejudiced if he was allowed to amend his petition, he did not frame the argument as he does now—that Rule 15's prejudice factor or the lack of prejudice to the opposing party carries more weight than the other factors because it is the "touchstone of the inquiry under Rule 15(a)" and, therefore, necessitates granting him leave to amend regardless of the court's findings regarding the other Rule 15 factors.  Petitioner also failed to raise any prejudice argument in his objections to the magistrate judge's Report and related order (Docs. 82, 83), and the magistrate judge's Report expressly warned that "[f]ailure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error."  Report 194 (Doc. 83) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)). Petitioner, therefore, waived any prejudice argument, and he cannot revive objections not previously made in response to the Report through his Rule 59(e) Motion.

Even if Petitioner's had not waived his prejudice argument, it would still fail.  The legal authority that he relies on does not support his contention that the failure to address the prejudice to the opposing party in deciding a motion for leave to amend under Rule 15 necessitates

reconsideration or reversal of the denial of leave to amend. *Lone Star Ladies Investment Club* cited by Petitioner quoted *Lowrey v. Texas A&M University Systems*, 117 F.3d 242, 246 (5th Cir. 1997), for the conclusion that "prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Lone Star Ladies Inv. Club*, 238 F.3d at 368 n.12. The determination in these cases that the district courts abused their discretion in denying leave to file an amended complaint, however, did not turn solely on Rule 15's prejudice factor. Instead, the Fifth Circuit discussed other pertinent factors, such as futility, the timing of the plaintiff's motion for leave, and the change in law that gave rise to the motions for leave to amend. *See id*. at 367-68; *Lowrey*, 117 F.3d 245-46. Unlike the present case, *Lowrey* also involved the "outright refusal" of the district judge to grant the plaintiff's motion for leave "without any justifying reason" for the denial, and it was for this primary reason that the court in *Lowrey* concluded that the district court's failed to address *any* Rule 15(a) factor or provide *any* justification for its ruling was an abuse of discretion. *See id.* Accordingly, Petitioner's reliance on the quoted language in *Lone Star Ladies Investment Club* is misplaced, as it does not support his conclusion that the denial of his Motion for Leave constituted error entitling him to relief under Rule 59(e).

    **3. Futility**

Petitioner next argues that the magistrate judge incorrectly concluded that his proposed amendment would be futile because procedural and time bars would preclude review of the new claims. With respect to this argument, he contends that the magistrate judge either failed to consider that he "could file a motion to stay and [hold in abeyance] proceedings to return to state court to exhaust claims" or "preemptively decided that [he] would reject such a request." Mot. 5. In addition, he contends that, while the magistrate judge determined that some of his new claims were time-barred under *Teague v. Lane*, 489 U.S. 288 (1989), this finding is not dispositive.

Petitioner asserts that he "could have requested equitable tolling in light of the Pandemic . . .—a possibility that the [magistrate judge], again, did not contemplate." Mot. 6. He further contends, without explanation, that the "procedural-bar finding was legally incorrect." *Id.*

Petitioner argued similarly in his objections to the magistrate judge's Report. In addition, he objected to the magistrate judge's decision to focus on the merits of his claims rather than the parties' procedural arguments:

> While the FCR [Report] states that Brown "did not fairly present" this claim to the state courts, it makes no explicit finding that the claim is unexhausted or procedurally defaulted, or a recommendation that the claim be dismissed or denied on those grounds. Rather, the FCR specifically recommends that this Court ignore any such procedural defenses, even if raised by Respondent, and deny relief on the merits for all claims. FCR at 192. The magistrate judge's decision to ignore Respondent's procedural defenses and make no explicit findings regarding them is curious, and seems to suggests additional work for the Court.

Doc. 89 at 27 n.19. The magistrate judge, however, noted in his August 10, 2022 Order, which was not objected to by Petitioner, that "both the Supreme Court and Fifth Circuit have admonished lower federal courts not to stay a federal habeas action to permit a return to state court when the claims that a federal habeas corpus petitioner wishes to exhaust lack arguable merit." Doc. 82 at 9. In addressing the parties' objections to the magistrate judge's Report, the court also explained that, in light of its agreement with the magistrate judge's determination that Petitioner's claims lacked arguable merit, it was not necessary for it to address these objections regarding additional or alternative grounds for dismissing Petitioner's habeas claims. Accordingly, the court finds no error, and Petitioner is not entitled to relief under Rule 59(e) on this ground.

### 4. Diligence

Finally, Petitioner disputes the magistrate judge's finding that his counsel was not diligent in prosecuting his habeas claims in this case. Petitioner contends that this finding is conclusory and unsupported by the record:

> It is true, as the [magistrate judge] noted in support of the finding, that [his counsel] had sought to stay the case twice before. But those requests were not dilatory. One of them—a request to return to state court to exhaust claims under *Rhines*—is recognized by Supreme Court precedent as sometimes necessary to avoid piecemeal litigation and to protect the interests of federalism. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007); *Panetti v. Quarterman*, 551 U.S. 930, 945-46 (2007). The other—a request for a stay in light of the Pandemic—was wholly warranted by circumstances over which neither [he] nor his attorneys had any control.
>
> No evidence in the record supports the magistrate's conclusion that [he] conducted his federal court litigation in a way that markedly differs from usual capital litigation, except that he asked the Court (as many other habeas petitioners around the country did) to adjust its docket and deadlines to account for the global Pandemic. *See Cowan* and *Brooks*, cited above. The Court's conclusory suggestion that [he] was dilatory in litigating his case in the ordinary course while attempting to navigate an unprecedented Pandemic was legally incorrect.

Mot. at 6-7.

The court disagrees with this argument by Petitioner for many of the reasons previously urged in Respondent's response to Petitioner's Motion for Leave and set forth in the magistrate judge's Report (Doc. 82) and related order (Doc. 83), which, as noted, was never objected to by Petitioner. Once again, this is not a situation in which the magistrate judge or the undersigned misapprehended the facts, the parties' positions, or the law. The diligence of Petitioner (and his legal team) and whether he demonstrated reasonable diligence in exercising his habeas rights are central issues that have been addressed a number of times by the parties and the court throughout this case. That Petitioner may disagree with the court's rulings is not an appropriate basis to relitigate issues under Rule 59(e).

B. **Evidentiary Hearing**

In a footnote, Petitioner argues that the magistrate judge's denial of his request for an evidentiary hearing was "legally incorrect about the reach of *Shinn v. Ramirez*'s holding in this case" to the extent that the denial was based on the misunderstanding that *Shinn* prohibits a hearing because his "claims included arguments that [did] not require the court to consider new evidence and claims that rest[ed] on evidence discovered and presented by state habeas counsel." *Id.* at 6 n.3 (citing 142 S. Ct. 1718 (2022)). Petitioner does not elaborate on this argument. He also contends that the magistrate judge's findings did not explain "why those claims should not be heard in a live hearing." *Id.*

> To this, Respondent counters:
>
> Brown challenges the Court's denial of an evidentiary hearing by arguing that some of his new claims do not rely on new evidence and only rely on the evidence presented in state-court—and that the Court did not "explain why those claims should not be heard in a live hearing." Mot. at 6 n.5. Brown's argument is self-defeating. Claims that are confined to the state-court record alone by definition do not warrant an evidentiary hearing. Moreover, Brown's argument is also an implicit admission that these claims could have been raised earlier, but were not, and that they are time-barred.

Resp. 8 n.1 (Doc. 95).

A request for an evidentiary hearing is permitted by Rule 8(a) or the Rules Governing Section 2254 Proceedings; however, "[a] defendant is entitled to an evidentiary hearing on his § 225[4] motion only if he presents 'independent indicia of the likely merits of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)). Furthermore, "speculative and unsupported accusations . . . do not entitle a defendant to an evidentiary hearing." *Reed*, 719 F.3d at 374.

Here, the request by Petitioner in his habeas petition (Doc. 29) for an evidentiary hearing was quite vague. In this regard, he merely pointed to standard habeas procedures and asserted that:

> Habeas Rule 8(a) requires a habeas court to consider whether, in light of "any materials submitted under Rule 7 … an evidentiary hearing is warranted." *See Wellons v. Hall*, 558 U.S. 220, 226 (2010) (per curiam); *Townsend v. Sain*, 372 U.S. 293, 312-19 (1963), *overruled in part on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).
>
> To the extent this Court may find the State met its pleading burden related to procedural defenses such as non-exhaustion, the application of 28 U.S.C. § 2254(d)(1) or (d)(2) to specific items of evidence, or procedural default, this Court should grant a hearing so that [he] can present evidence in support of avoidance, traverse, or exceptions to those defenses.

Pet. 6-7 (Doc. 29). The inclusion of a request for an evidentiary hearing in the prayer for relief of his petition was similarly vague: "Under Habeas Rule 8, conduct an evidentiary hearing at an appropriately scheduled time where proof may be offered and argument advanced concerning the allegations set forth in his Petition." *Id.* at 170.

Petitioner's objection to the Report insofar as his request or entitlement to an evidentiary hearing was likewise lacking in any detail. He contended, as he does now, that the magistrate judge misapplied *Shinn v. Ramirez* because "*Shinn* speaks to IAC [ineffective assistance of counsel] claims," whereas his "claims extend beyond IAC claims," and "both the initial and amended petitions are supported, in part, by evidence gathered by state habeas counsel." Obj. 33 (Doc. 89). The magistrate judge's justification for determining that he was not entitled to an evidentiary hearing, however, was not limited to the Supreme Court's holding in *Shinn v. Ramirez*. *See* Report 173-75 (Doc. 83).

Moreover, Petitioner acknowledged in his objections to the Report that: "As the FCR points out, "the proper place for development of the facts supporting a federal habeas claim is in

state court." Obj. 34 (Doc. 89). Petitioner further acknowledges that his petition is based in part on evidence gathered by state habeas counsel. As Respondent notes, to the extent Petitioner only relies on evidence presented in state court, no evidentiary hearing is warranted, as any such claims would necessarily be confined to the state court record. Additionally, to the extent any of Petitioner's new claims rely on evidence gathered or developed by state counsel, it begs the question as to why these claims could not have raised earlier.

In any event, the magistrate determined, and the undersigned agreed, that Petitioner was not entitled to an evidentiary hearing because, "[e]ven when the truth of all of [Petitioner]'s new factual allegations supporting those claims is assumed, his claims do not warrant federal habeas relief." Report. 175 (citing *Schriro v. Landrigan*, 550 U. S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."); *see also* Report 27-173 (setting forth in detail the magistrate judge's reasons for determining that Petitioner's habeas claims fail on the merits). While Petitioner argued in his objections to the Report that he disagreed with the magistrate judge's determination that he was not entitled to federal habeas relief, this argument is conclusory and was not included in his Rule 59(e) Motion. Doc. 89 at 34 ("The magistrate judge finds that, assuming the truth of Brown's allegations, he is not entitled to federal habeas relief. [Report] at 175. Brown objects to this finding, as his claims (as pled and proposed in his amended petition) could warrant relief."). Thus, the court finds no error in the denial of Petitioner's request for an evidentiary hearing and determines that he has not demonstrated his entitlement to relief under Rule 59(e) on this ground.

IV.     **Conclusion**

For the reasons explained, the court **concludes** that Petitioner's Motion does not satisfy the requirements for relief under Rule 59(e), as it is an improper attempt to litigate issues that were resolved to his dissatisfaction. His Motion also fails to identify any manifest error, intervening change in the law, or newly discovered evidence that would justify the relief sought. Accordingly, he has not met his burden of establishing his entitlement to relief under Rule 59(e). The court, therefore, **denies** his Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 94). The court also **orders** Petitioner to not file any additional postjudgment motions. The court has exhaustively reviewed and addressed the issues raised by him, and any further motions would be futile and unreasonably require the unnecessary use of scarce judicial resources.

Considering the Motion and record in this case, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court determines for the same reasons that Petitioner is not entitled to a certificate of appealability and, therefore, **denies** a certificate of appealability with respect to his Rule 59(e) Motion.[4] In this regard, the court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable

---

[4] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)     Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b)     Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the relevant court orders and reports by the magistrate judge (Docs. 31, 64, 69, 71, 82, 83, 91) that were entered in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 10th day of August, 2023.

*[signature]*

Sam A. Lindsay
United States District Judge